## OLIVER *et al.* *v.* WALSH *et al.*

A cause of action arising out of a tort is not assignable.

The language of § 4 of the Practice Act, as amended by the Act of 1855, is construed to mean a thing in action not arising out of *express* contract; and even this construction is derived by implication, for there is no statute which directly gives the right, or directly repeals the former rule.

It follows that where an injury to joint property is alleged in the complaint, and it is averred that one of the joint owners has assigned his claim therefor to the other who brings this action for *damages in his own* name alone, the complaint is demurrable.

APPEAL from the District Court of the Fifth Judicial District, County of Amador.

The original complaint in this action having been demurred to, the plaintiffs filed an amended complaint, in which they set forth "that they, the said plaintiffs before and at the time of the committing of the several wrongs and grievances by the said defendants as hereinafter stated, together with one A. P. Usher, who has since sold and transferred his interest therein and in the cause of action hereinafter stated, and the damages arising therefrom, to the said plaintiffs, were lawfully possessed of certain mining claims."

The complaint then avers that the defendants had caused great injury and damage to said mining claims by the negligent management of a certain ditch belonging to defendants, by reason wherof great quantities of water had escaped into the said mining claims, etc., and prays for judgment for damages, etc.

The defendants demurred on the ground of defect of parties plaintiffs. The demurrer was overruled, and final judgment was entered in favor of plaintiffs. Defendants appealed.

*Robinson, Beatty & Botts* for Appellants.

Though the statute may authorize the cause of action to be assigned, we know of no rule by which a joint interest in such a cause of action can be assigned.

*Smith & Hardy* for Respondent.

Mr. Justice HEYDENFELDT delivered the opinion of the Court Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

The District Court erred in overruling the demurrer to the amended complaint on the ground of non-joinder of a party plaintiff. The complaint shows upon its face that the wrong complained of was an injury to the joint property of the plaintiffs and one Usher, who they allege had sold his interest to them. But a chose in action arising out of a tort is not assignable, and therefore Usher was a necessary party plaintiff.

The language of § 4 of the Practice Act, as amended by the Act of

1855, which says, " or thing in action not arising out of contract," is construed by us to mean a thing in action not arising out of *express* contract, and such doubtless was the intention of the Legislature.  Even as we have construed the clause, and allowed it to have effect in giving the right of assignment in cases of contract, where such right did not exist before, it is only by implication, for there is no statute which directly gives the right, or directly repeals the former rule.  But we cannot extend this implication so as to embrace choses in action arising out of torts.   Such a rule would produce great absurdities, would lead to dangerous practices, and would be a premium for the commission of champerty, and would bring the legislation and judicial system of the State to well merited contempt.

Judgment reversed and cause remanded.