## GATES *et al. v.* KIEFF *et al.*

Where the complaint, in an action of trespass, asks, also, for the equitable interposition of the Court, if the law and equity are inseparably mixed together, it would be demurrable.

But it is not necessary that there should be express words, showing where the declaration in trespass leaves off, and the bill in equity begins.

A map, made by a county surveyor, with protractions of certain lines made by his deputy, is admissible in evidence, when both officers swear to the correctness of the protractions.

APPEAL from the District Court of the Fourteenth Judicial District, County of Sierra.

The plaintiffs filed their complaint, alleging certain acts of trespass, committed by the defendants, upon the mining-claim of the plaintiffs.  After stating the various acts of trespass, which consisted of entering upon, taking possession of, and working the claim, the complaint then, in another paragraph, avers the injuries so committed to be irreparable; and concludes by a prayer for an injunction, and other equitable relief, in one paragraph, and a prayer for judgment for restitution, and damages, in another.  There are no express words, showing where the complaint in trespass ends, and the bill in equity begins; and the allegations to sustain the judgment at law, and those to entitle them to relief in equity, are placed in the complaint, before the prayer for relief in equity, and for judgment at law.  The

various allegations, as well as the two prayers, are, however, all separated from each other, by being in separate paragraphs.

The defendants demurred to the complaint. The demurrer was overruled by the Court below, and the action at law was tried before a jury, who found a verdict for plaintiffs. Motion for a new trial was made and overruled, and the Court gave plaintiffs judgment for restitution and damages, and decreed that the temporary injunction issued in the action be made perpetual.

The other errors assigned are sufficiently stated in the opinion of the Court.

Defendants appealed.

*Dunn & Meredith* for Appellants.

The demurrer should have been sustained by the Court below, for the reasons assigned in the demurrer.

The complaint is certainly double. Restitution, and trespass, and damage, cannot be joined with a prayer for equitable relief, and an inspection of the complaint leaves it entirely vulnerable to this objection. Mayo v. Madden, 4 Cal. R., 27.

The complaint blends, in one form of complaint, a relief in chancery and one at law, not dissevered or disintegrated, which is bad pleading under the statute, as this Court has decided, and as the appellants say, in direct terms. Practice Act, § 113; Mayo v. Madden, 4 Cal. R., 27; Practice Act, § 64; Smith v. Roe, 4 Cal. R., 6; Dewitt v. Hays, 2 Cal. R., 463.

*Platt & Clark* for Respondents.

MURRAY, C. J., delivered the opinion of the Court.—BURNETT, J., concurring.

The first error assigned by the appellants, is the order of the Court below, in overruling the demurrer to the complaint. The ground of the demurrer is, that the complaint improperly joins two distinct causes of action, or rather, that it blends together a declaration in a civil action and a bill in chancery. The complaint is inartificially drawn, but at the same time is substantially correct; it sets out in the first place a cause of action in trespass, and concludes with a prayer for an injunction.

The appellant admits that, under our system, a party may declare for a tort, and at the same time ask for the equitable interposition of the Court, to protect the subject-matter in litigation, until the case is tried, but contends that there must be a severance of the two in the complaint, and that the prayer for equitable relief should commence with the recitation, " And for a further cause of action," etc., or, " The plaintiff represents," etc. Such pleading would undoubtedly be more satisfactory than the loose system that obtains in most of the Courts of this State, and if law and equity were inseparably mixed together in a com-

9

plaint, it would undoubtedly be demurrable. Such is not the case in the present instance; the only objection to the complaint rests in the fact that there are no express words, as required by the appellant, showing where the declaration in trespass leaves off, and the bill in equity begins. This objection is too technical to be maintained, under our system of practice.

The case of Mayo v. Madden, 4 Cal., relied upon by the appellant, is not at all analogous to the one before us.

The next error assigned is that the premises are not sufficiently described. This assignment is not supported by the record.

The next objection is to the admission of the map "A," in evidence, because the protractions of certain lines were made by the deputy surveyor, and not the county surveyor, who made the original survey and map. Both the witnesses swear that the protractions are properly made, and it is difficult to see how this objection can be maintained. If the whole map had been compiled from the field-notes of the county surveyor, it would have been admissible under the circumstances, both officers swearing that the calculation, made upon particular data, was correct.

Again, it is contended that the Court erred, in refusing Haroty, one of the defendants, who filed a separate answer, a separate trial. If any error was committed in this respect, it was cured by the fact that a nonsuit was entered as to him, and he was allowed to testify on behalf of the defendants. There was no error in admitting the regulations in evidence. The motion for a nonsuit was properly overruled, as the evidence was sufficient to warrant the Court in submitting the case to the jury.

Judgment affirmed.