# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## APRIL TERM, 1865.

### CHARLES J. LEACH *v.* T. B. DAY.

INJUNCTION TO RESTRAIN TRESPASSES.—An injunction will not be granted to restrain the commission of trespasses where the party complaining has a complete and adequate remedy at law.

COMPLAINT TO ENJOIN TRESPASS.—Where a complaint, in an action to restrain the commission of trespasses, avers that the defendant has torn down the fences of plaintiff, and entered his close for the purpose of opening a private road across plaintiff's land, under a claim of right founded on an order of a Board of Supervisors laying out a road, and does not state that the right has been settled in an action at law, and that the defendant continues his acts after a Court of law has decided against him, it does not state facts sufficient to constitute a cause of action.

AN ORDER LAYING OUT A ROAD.—An order of a Board of Supervisors laying out a road, which is unconstitutional and null and void upon its face, does not affect or cloud the title to the land over which it passes, and an injunction will not be granted to restrain the carrying of the order into effect, but the party will be left to his remedy at law.

Argument for Appellant.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The complaint averred that the plaintiff was the owner of land lying between the land of defendant and the Upper Sacramento Road, and had applied to the Board of Supervisors to lay out a private road from defendant's land to said road, and that such proceedings were had in the Board that a private road was pretended to be laid out forty feet wide and forty rods, more or less, in length, and that plaintiff believed the acts of defendant were committed in order to open the road. The defendant demurred to the complaint, and the demurrer was overruled by the Court. A preliminary injunction was granted at the commencement of the action, which, upon the final trial, was made perpetual. The defendant appealed.

The other facts are stated in the opinion of the Court.

*John C. Byers*, and *Budd & Carr*, for Appellant.

The complaint does not state facts sufficient to warrant an injunction, either preliminary or perpetual. It does not allege that the threatened injury would be irreparable, or that it went to the substance or value of the estate in the character in which it was enjoyed, or that defendant was insolvent. Some such allegation has always been held requisite to maintain an action for an injunction. (See *Jerome* v. *Ross*, 7 Johns. Ch. R. 315 ; *Frost* v. *Beekman*, 1 Johns. Ch. R. 318 ; *Hanson* v. *Gardiner*, 7 Vesey, 305 ; 2 Story's Eq. Jur. Sec. 925 ; *Burnett* v. *Whiteside*, 13 Cal. 156 ; *Branch Turnpike Company* v. *Sup. Yuba County*, 13 Cal. 196 ; *Tomlinson* v. *Rubio*, 16 Cal. 202 ; *Hihn* v. *Peck*, 18 Cal. 640 ; *Robinson* v. *Russell et al.*, 24 Cal. 467 ; *Tevis* v. *Ellis, Calderwood et al.*, 25 Cal. 520.)

*Tyler & Cobb*, for Respondent, referred to *McCann* v. *Sierra County*, 7 Cal. 121, as authority for the injunction, and also to *Hicks* v. *McMichael*, 15 Cal. 107.

By the Court, SANDERSON, C. J.

We deem it unnecessary to determine whether the road laws of this State are unconstitutional so far as they authorize the laying out and establishing of private roads. It is not necessary to determine that question in order to finally dispose of this action. All that the plantiff claims on that score may be conceded without its following therefrom that he is entitled to the relief which he seeks. Admitting that the Act of the Legislature empowering the Board of Supervisors to lay out and open private roads is unconstitutional, and that therefore their acts in laying out and opening a private road for the use of the defendant across the land of the plaintiff are null and void, it only follows that the grounds upon which the defendant seeks to justify his acts have failed him, and he stands convicted of the trespass alleged in the complaint.

Leaving this constitutional question out of view it only remains to determine whether on the case made by the complaint the plaintiff is entitled to an injunction.

The complaint merely alleges that the defendant on a day stated, and at divers other times between that day and the commencement of the action broke and entered the close of the plaintiff and did by himself and servants tear down and destroy the fences of the plaintiff to his damage in the sum of fifty dollars, for which he prays judgment. Such is the nature and extent of the trespass alleged in the complaint.

For the purpose of obtaining an injunction the complaint thereafter proceeds and shows that the trespass in question was committed by the defendant under a pretended claim of a right of way over the plaintiff's land by virtue of a pretended order of the Board of Supervisors, opening and establishing a private road for his use, and that the defendant threatens to tear down the plaintiff's fences at each end of the road as often as he erects the same—wherefore he asks an injunction.

The bare statement of these facts is a complete answer to the prayer for an injunction. No reasons are given or attempted to be given why the plaintiff has not an adequate and

complete remedy at law; on the contrary it is apparent, from the nature of the case stated, that he has. Where such is the case, equity will not interfere, but will leave the complainant to his action at law. The whole case made is merely that the defendant, under a claim of right, has torn down three or four lengths of he plaintiff's fence, and threatens that he will do it again if the plaintiff puts it up. By themselves considered, the acts in question have none of those elements which lie at the foundation of equity interference in cases of trespass. All that the defendant has done has been done under a claim of right, founded upon an order of a lawful tribunal, having, as he claims, full power and jurisdiction to make it. Whatever he threatens to do he threatens to do under the same claim of right. This being the first action which has been brought, and it appearing that the defendant is acting under a claim of right, there is no pretense for saying that he will continue his acts after a Court of law has once determined the right under which he claims to act against him. The threatened trespass is not irreparable, either from the nature of the injury itself, or from the want of responsibility in the party threatening its commission.

Anciently Courts of equity would not interfere at all by injunction in cases of trespass, but left the party to his legal remedy. In modern times, however, this doctrine has been very much relaxed, and although the general rule remains, yet there are exceptional cases where equity does and will interpose, but a strong case must be made. It will interpose for the purpose of quieting a possession or preventing a multiplicity of actions, or where the value of the inheritance is put in jeopardy, or where irreparable mischief is threatened in relation to mines, quarries or woodland, whether the same result from the nature of the injury itself or from the insolvency of the party committing it. (*West* v. *Walker*, 2 Green's Ch. R. 279; *Van Winkle* v. *Curtiss*, Ib. 422; *Kerlin* v. *West*, 3 Ib. 449.) Obviously the case at bar does not come within either of the foregoing exceptions. It does no more than present a case of naked trespass for which an action at law, for

aught that yet appears, affords an ample and adequate remedy.

But it is insisted on the part of the respondent that this is not an ordinary action of trespass, and it is argued that it is like the case of *McCann* v. *Sierra County,* 7 Cal. 121, and rests upon the same principle. The facts of that case were that the Board of Supervisors had, by resolution, extended a street or public thoroughfare through the land of the plaintiff without providing any compensation for the private injury consequent thereon, and were in the act of opening the street through the land of the plaintiff at the time the complaint was filed. The complaint asked for five hundred dollars damages and a perpetual injunction. The case went off upon demurrer to the complaint, upon the ground that the plaintiff's claim for damages had never been presented to the Board of Supervisors for allowance, and rejected in whole or in part, as required by law. In the course of his opinion, Mr. Chief Justice Murray remarks, that the act of the Supervisors in appropriating the land of the plaintiff to public use before compensating him for the value thereof, was illegal, and he might resort to a Court of equity to restrain them. That doctrine is undoubtedly correct. It proceeds upon the theory that the Board of Supervisors have the power to condemn private property for public use, upon making compensation therefor. Such condemnation, if legally accomplished, acts directly upon the title and takes it practically from the individual and vests it in the public; if not done legally and in accordance with the Constitution, it nevertheless, by reason of the existence of the acknowledged power, casts a cloud upon the title which is the ground of equitable interference in such cases.

In our judgment there is no analogy between the two cases, and however applicable the dictum, upon which respondents rely with so much apparent confidence, may have been to the facts of that case, it has no application here. This is not an action to restrain the Board of Supervisors from taking the land of the plaintiff and appropriating it to public use without

providing any compensation whatever for its value. Had this action been brought against the Board of Supervisors before or at the time they were engaged in laying out the private road in question upon the theory that they had the power to do so, but were not proceeding according to law, and had made no provision for compensating the plaintiff for the value of his land, the doctrine and the case invoked would have been in point. But this is not an action against the Board of Supervisors, and it does not proceed upon the theory that they have the power in question, and are attempting to exercise it without first complying with the condition upon which its exercise is only permitted; on the contrary, it is an action against a private individual, who confessedly has not the power to take the plaintiff's property from him and apply it to either a public or private use, under any circumstances, and whose acts, therefore, are necessarily nothing more than a naked trespass, and can in no respect affect the plaintiff's title, or put the inheritance in jeopardy, or, as we have already seen, work in any respect an irreparable injury. Nor does it even proceed upon the theory that the Board of Supervisors had the power to do the acts complained of, and thereby either totally deprive the plaintiff of his freehold, or at least cast a cloud upon his title, but, on the contrary, proceeds upon the theory that the Board had no such power, and, therefore, the title of the plaintiff to the land and his possession, and right of possession, are wholly unaffected thereby.

We may add that, so far as the plaintiff's right to equitable relief is based upon the alleged invalidity of the acts of the Board of Supervisors in laying out the road in question, the complaint is manifestly *felo de se*. If, as contended, those acts are absolutely null and void on their face upon the ground that the Act under which they were had is unconstitutional, it follows that they cannot hurt the plaintiff, for they have not even the appearance of legality, and, therefore, cannot affect or cloud in any manner his title. In such a case he has no need for an injunction, and, therefore, is not entitled to one.

Our conclusion is that the demurrer to the complaint ought to have been sustained.

Judgment reversed and cause remanded.