THOMAS W. MORE *v.* PETER MASSINI *et als.*

DAMAGES CAUSED BY TRESPASS ASSIGNABLE.—A claim for damages caused by a trespass on land is assignable, and the assignee may maintain an action to recover the same.

INJUNCTION TO PREVENT A THREATENED TRESPASS.—An action will lie to enjoin a threatened trespass on land, where the trespass, if committed, would destroy the substance of the land, which could not be specifically replaced.

JOINDER OF ACTIONS IN COMPLAINT.—The owner of land may join in the same comptaint a claim for damages, as assignee, caused by a trespass on the land while it was owned by his grantor, and a claim for an injunction for a threatened injury to the land.

JOINDER OF ACTIONS FOR INJURY TO PROPERTY.—The plaintiff may join in the same complaint a cause of action for distinct and independent injuries to property, and the property injured in each cause of action may be the same or different, and may be either personal or real.

INJUNCTION WHEN PLAINTIFF IS IN POSSESSION.—An injunction lies to restrain a threatened injury to real property in the nature of a waste, even if the plaintiff is in possession of the land.

THE Court below sustained the demurrer to the complaint, the plaintiff declined to amend, and judgment was entered against him, and he appealed.

The other facts are stated in the opinion of the Court.

*S. F. & J. Reynolds,* for Appellant.

There was no misjoinder of causes of action. (*Gates* v. *Kieff,* 7 Cal, 124; *Gray* v. *Dougherty,* 25 Cal. 277.) The cause of action for the trespass was assignable. (*Lazard* v. *Wheeler,* 22 Cal. 139 ; *McKee* v. *Judd,* 2 Kernan, 622 ; *Hoyt* v. *Thompson,* 1 Selden, 347 ; *North* v. *Turner,* 9 Sergt. & Rawle, 244.) The refusal of an injunction, because the plaintiff is in possession, would deny an equitable relief in any action of trespass. (Willard's Eq. 369, 381–2.)

*Casserly & Barnes,* for Respondents.

The jurisdiction in equity invoked being purely ancillary, it will not be contended that two independent causes of action can be united in one complaint, though one is at common law and the other in equity. They must arise out of "the same transaction"—the one subject matter. (25 Cal. 277.) This

is so self evident as to dispense with authority or argument.
So also the equities shown in the equitable part of the com-
plaint must be such as may be invoked in respect or in aid of
the cause of action at law.　Thus, if the latter is for money
due on a note, or for conversion of or in replevin for chattels,
a bill will not lie for an injunction against the defendant, with-
out showing some very special grounds to take the case out of
the general rule that an injunction will not be granted against
injuries to personal property, or injuries susceptible of full
compensation in damages, there being no other equitable
element, as multiplicity of suits, etc.　(*Leach* v. *Day*, 27
Cal. 646–7 ; *Robinson* v. *Russell*, 24 Cal. 473 ; *Tomlinson* v.
*Rubio*, 16 Cal. 206–7 ; *Tevis* v. *Ellis*, 25 Cal. 519–20 ; *Wal-
dron* v. *Marsh*, 5 Cal. 119.)　Such a bill would have been bad
on demurrer, if separately brought under the old practice.
Under the present, attempting to unite such a bill with a
cause of action at law, would subject the whole complaint to
the further objection of misjoinder.　The alleged claim for
damages was not assignable.　(*Oliver* v. *Walsh*, 6 Cal. 456.)
The wrong, which is the gist of the action, is purely personal
to the party in possession, and was not assignable by him.
(*Rogers* v. *Spence*, 13 Mees. and W. 571, 579–82 ; *Clark* v.
*Calvert*, 8 Taunt. 742, 750–52 ; *Martyn* v. *Williams*, 38 E.
L. E., 465–6, etc ; *Sommer* v. *Wilt*, 4 S. and R. *28 ; *Com-
monwealth* v. *Shepard*, 3 Penn. P. and W. 514 ; *Silbald's
Estate*, 6 Harr. 252–4.)　As to the general non-assignable
character of claims for unliquidated damages arising out of
torts, see 2 Story Eq. Sec. 1,040, *g*, and notes, etc. ; and
*Thurman* v. *Wells*, 18 Barb. 500, 510, 511, 514 ; *Gardner* v.
*Adams*, 12 Wend. 297 ; *Hall* v. *Robinson*, 2 Comst. 293, 295,
296 ; *Brig Sarah Ann*, 2 Sumn. 211 ; *Zabriskie* v. *Smith*, 3
Kern. 322, 332–6 ; *Whittle* v. *Skinner*, 23 Vt. 531 ; *People* v.
*Tioga C. P.*, 19 Wend. 77, citing 2 Day, 293.

By the Court, SHAFTER, J. :

The complaint is in two counts. The first count is for damages caused by a trespass upon land prior to a conveyance thereof to the plaintiff. The plaintiff claims the damages by assignment. In the second count the plaintiff alleges that he is the owner of the lands, and that they are in his possession; that the defendants threaten to enter thereon, and to quarry and remove asphaltum therefrom, and that they will do so unless restrained. Wherefore an injunction is prayed, etc.

The complaint was demurred to on the ground that neither count stated a cause of action, and that there was a misjoinder of causes.

First—The sufficiency of the first count is disputed upon the ground that the damages claimed therein are not assignable.

It is insisted that the point is covered by *Oliver* v. *Walsh,* 6 Cal. 456, and that after twelve years acquiescence the doctrine of that case ought not to be re-opened to controversy.

It is true that the question presented in the case at bar is identical with that presented in the case cited ; but the grounds of judgment now are not identical with those on foot · in 1856, when the case cited was decided. The decision was made under the fourth section of the Practice Act, as amended in 1855. (Acts 1855, pp. 30, 31.) The original section, passed in 1851 (Acts 1851, p. 51, Sec. 4), was as follows : "Every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in this Act." By the amendment of 1855, it was provided that "every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in this Act; but in suits brought by the assignee of an account, unliquidated demand or thing in action not arising out of contract, assigned subsequently to the 1st day of July, 1854, the assignor shall not be a witness in behalf of the plaintiff." The decision in *Oliver* v. *Walsh* proceeded upon a construction of this amendment. It is unnecessary for us to express any opinion as to

the validity of that construction, for the amendment of 1855 has been entirely superseded by subsequent legislation. There is now no distinction between persons who are competent to bring actions and persons competent to testify in them when brought. But what is perhaps more to the purpose, the Legislature, by an Act approved January 27th, 1864, took up the fourth section of the Practice Act and re-enacted it in terms as passed in 1851, with the amendments of 1854 and 1855 left out. The question to be considered, then, is, whether a claim for damages to real estate can be assigned under the fourth section of the Practice Act as it now stands.

The one hundred and eleventh section of the New York code of 1848 was precisely the same as the fourth section of our Practice Act has been made to be by the Act of 1863–64; and it was held in *McKee* v. *Judd*, 2 Ker. 625, that the right of action for a tortious conversion of personal property was assignable, and that the assignee might sue therefor in his own name under the one hundred and forty-eighth section of the code referred to. In *North* v. *Turner*, 9 S. & R. 248, Mr. Justice Gibson remarked in delivering the opinion of the Court, as follows: " This is an action of trespass *de bonis asportatis*, and it is urged that the property in the damages expected to be recovered, being for a mere tort, is so peculiarly attached to the person as to be inseparable from it, and that consequently before an actual recovery of the damages there was nothing for an assignment to act upon. There are, undoubtedly, some injuries which so peculiarly adhere to the person of him who has suffered them, as to preclude an assignment of his claim to compensation for them ; such, for instance, as slander, assault and battery, criminal conversation with a party's wife, and many others that might be mentioned ; the right of compensation for any of these would not pass by a statute of bankruptcy or an assignment under the Insolvent Acts ; nor could it be transmitted to executors or administrators. But this does not hold with respect to a trespass committed against a party's goods, the remedy for which survives

75

to the personal representative by the statute (4 E. 3, C. 7), which clearly shows that such a cause of action is separable from the person of the owner."

By the one hundred and ninety-sixth section of our Probate Act, the right of action for trespasses committed on the real estate and in the lifetime of a person deceased, survives to his executor or administrator; and a claim for damages to personal or real estate would undoubtedly pass under an assignment by a petitioner in insolvency, of "all his property, real, personal and mixed, for the benefit of his creditors." The survivorship in the one case and the transfer in the other, clearly show that the cause of action in the respective cases is "separable from the person of the owner," and is therefore assignable by conclusion, according to the case cited from Pennsylvania. In *Lazard* v. *Wheeler*, 22 Cal. 142, though the question now under consideration was not directly presented, still it was said on the authority of *McKee* v. *Judd* and *North* v. *Turner*, that a right of action for the wrongful taking and conversion of personal property is assignable.

There can be no tenable distinction taken between trespasses affecting personal, and trespasses affecting real estate. Both are torts—the wrong is to property in both cases—the right of action survives in both, and under our system the argument drawn from the doctrine of champerty, which constitutes the very basis of the non-assignability of choses in action at common law, has no application to an assignment of a claim falling under either class. *Cessante ratione cessat lex.*

Second—The second count states a good cause of action. The gravamen is a threatened trespass upon land. The trespass is in the nature of waste, and it will be committed unless the defendant is restrained. Should the threat be fulfilled the plaintiff would be deprived of a part of the substance of his inheritance, which could not be specifically replaced. In the class to which this case belongs, no allegation of insolvency is necessary. The injury is irreparable in itself. (*Merced Mining Company* v. *Fremont*, 7 Cal. 322; *Hicks* v. *Michael*, 15 Cal. 116; *Leach* v. *Day*, 27 Cal. 646; *People* v. *Morrill*, 26

Cal. 360.)   Inasmuch as the plaintiff's right to the remedy by
injunction has its origin in the nature of the injury complained
of, it was of course unnecessary to aver matter merely adven-
titious.   (*Natoma Water and Mining Company* v. *Clarkin*, 14
Cal. 551.)

Third—The demurrer for misjoinder of causes is not well
taken.

By the seventh subdivision of the sixty-fourth section of
the Practice Act, " injuries to property may be joined in the
same complaint."   By the very supposal, the injuries that
may be so joined are independent and distinct.   The property
injured may be the same or different; it may be either per-
sonal or real; the title of the plaintiff to redress may be origi-
nal in respect to one injury, while in respect to the other, or
others, the right may have come to him by assignment.   Some
of the injuries complained of may be legal, while others may
be of an equitable character.   Trespass upon land is a legal
injury; to threaten to enter upon and waste it is an equitable
injury; but both may be joined in the same complaint, never-
theless, for the statute reason that both are " injuries to prop-
erty."   That general likeness is the only test to which the
question of joinder, in cases like the present, can be subjected
under our system.   Under the New York code, as amended in
1852, the right to join a cause of action in equity with a
cause of action at law, was made to depend upon whether
" both arose out of the same transaction, or transactions con-
nected with the same subject of action."   (Voorhies' Code,
Sec. 167.)   But there is no such restriction in our code.   Nor
do we understand that the existence of such restriction has
ever been judicially determined by this Court.   *Gates* v. *Kieff*,
7 Cal. 125, was an action of trespass *quare clausum fregit.*
There was a prayer for damages, and also for an injunction
based on proper allegations.   It is true that the land with
respect to which the injunction was prayed was identical with
that upon which the trespass was committed, but that was a
matter upon which no stress was laid either by the counsel or
the Court.   The appellant insisted that the complaint was

radically defective for the reason that the legal and equitable causes were not distinctly stated, and that was the only question presented and determined. *The Natoma Water Company* v. *Clarkin et als.*, 14 Cal. 554, was an action of ejectment. There was a prayer for an injunction to restrain the commission of waste upon the premises pending the action. The Court say " that this blending of an action at law with a petition for ancillary relief to the equity side of the Court is admissible under our system of practice." But the Court did not determine, nor was it called upon to consider, whether the power to administer legal and equitable relief in the same action was confined to cases where the latter was merely cumulative or ancillary to the former on one continuous gist. The question was not raised. The same remark is applicable also to the decision in *Gray* v. *Dougherty*, 25 Cal. 266. In disposing of this appeal, however, it is not necessary to determine whether the legal and equitable relief to be granted in the same action, should relate to the same subject matter or to the same transaction. It is enough that the plaintiff herein has succeeded to all the rights and stands in the shoes of the assignor and grantor. If the assignment and conveyance had not been made, then he under whom the plaintiff claims could have sued for damages for the trespass, and counted in the same action upon an equitable injury like the one complained of herein. That was the case in *Gates* v. *Kieff*, cited from 7 Cal. 124.

Third—It is further claimed for the appellant that the plaintiff is not entitled to the equitable relief demanded, for the reason that the complaint shows him to be in the quiet and peaceable possession of the land.

The injury which the defendant threatens is irreparable by definition, and going as it does to the substance of the inheritance, it is a matter of indifference whether the plaintiff is in or out of possession.

Judgment reversed and new trial granted.