[No. 14114.   Department Two. —September 26, 1891.]

HIRAM HUGHES, RESPONDENT, v. CALVIN DUNLAP, APPELLANT.

91   385
120  516
91   385
136  483
91   385
146  421

JURY TRIAL — TRESPASS — DAMAGES — INJUNCTION — SPECIAL VERDICT — POWER OF COURT. — In an action for an injunction to restrain a threatened trespass upon land, and to recover damages for past trespasses, where the issue as to the damages was tried as a special issue by a jury, and a special verdict rendered thereon, the action of the court in disregarding and setting aside the verdict of the jury and making findings contrary thereto, without a motion for a new trial, is erroneous.

ID. — ACTION AT LAW — LEGAL ISSUES — EQUITABLE REMEDY. — An action to recover damages for trespass upon land being an action at law in

which the parties thereto are entitled to a trial by jury, the fact that the plaintiff also asks for an injunction does not take away his right to have all the legal issues of fact tried by a jury.

ID. — UNION OF LEGAL AND EQUITABLE REMEDIES — FORM OF ACTION — NATURE OF RIGHTS — QUÆRE. — Where legal and equitable remedies are sought in the same action, each remedy must be governed by the same law that would apply to it if the other remedy had not been asked for. The right to a jury trial is not determined by the form of the action, but by the nature of the rights involved; and when the asserted rights upon which any remedy must rest are legal rights, and cognizable in a court of law, whether these rights must not be determined in every case by a jury trial, *quære.*

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Alvin Fay,* for Appellant.

This action is an action at law for damages for a trespass, blended with a petition for ancillary relief, to the equity side of the court. (*Gates* v. *Kieff,* 7 Cal. 125; *Natoma Water etc. Co.* v. *Clarkin,* 14 Cal. 548; *More* v. *Massini,* 32 Cal. 594; *Keyes* v. *Little York etc. Co.,* 53 Cal. 730); and could not be tried without a jury, unless a jury was waived, and therefore the court could not set aside the verdict except on motion for a new trial. (Code Civ. Proc., sec. 657, subd. 6.) The complaint contains a legal cause of action for a tort, and a petition for equitable relief; i. e., injunction. (*Natoma Water etc. Co.* v. *Clarkin,* 14 Cal. 548; *More* v. *Massini,* 32 Cal. 594; *Keyes* v. *Little York etc. Co.,* 53 Cal. 730.) The court should have first passed upon the equitable, and then submitted the legal, issues to the jury; that is, if there was any equitable issue to be tried. (*Arguello* v. *Edinger,* 10 Cal. 159; *Weber* v. *Marshall,* 19 Cal. 457; *Thomas* v. *Lawlor,* 53 Cal. 405.) It is, at least, very doubtful whether a verdict on an issue is not equally binding in an equity case as in a suit at law, and subject only to the same revisory power which is exercised in granting new trials in other cases. (Adams's Equity, 376, 1855, note; 3 Greenl. Ev., secs. 261 et seq.; Hayne on New Trial and Appeal, p. 699, sec.

234.)    And in any event the law issue for damages stands on the verdict of the jury.  (*Basey* v. *Gallagher*, 20 Wall. 680; Hayne on New Trial and Appeal, p. 701, sec. 234.)

*B. Brundage*, for Respondent.

The court did not err in setting aside the special verdict of the jury, for the reason that "a special verdict is merely advisory to the judge, and is of no force or validity until adopted by him, and when adopted derives its validity solely from such adoption." (Hayne on New Trial and Appeal, sec. 18, p. 75; sec. 234, p. 598.) The complaint being one in equity, the court before whom it was tried could adopt or set aside the special verdict of the jury; if he set it aside, he could make findings in the case and enter judgment thereon. (Hayne on New Trial and Appeal, sec. 18, p. 234.)

McFARLAND, J.— In the complaint, plaintiff avers that he is the owner and in possession of a large tract of land, valuable mainly for pasturage, for which purpose he has it inclosed by a substantial fence; that "during the last two months" defendant has torn down and destroyed said fence at various points, and threatens to continue to do so, to plaintiff's damage in the sum of five thousand dollars.   It is further averred that defendant is insolvent, and that if he continues to destroy and keep open said fence, he will cause plaintiff irreparable damage.   The prayer is for judgment for five thousand dollars damage, and an injunction to restrain defendant from continuing said acts.

The answer of defendant contains a denial of the averments of the complaint, and for a separate defense avers that there are, and for more than twenty-five years have been, certain public roads over and through said land; that recently plaintiff had built fences across said public roads; that defendant is road-overseer of the district, and that in discharge of his duties as such he had removed the said fences where they crossed and ob-

structed said roads, but had not interfered with said fences at any other place.

At the trial a jury was impaneled on motion of defendant; and certain issues of fact were referred to the jury concerning the existence of public roads over the land, what damage, if any, was done plaintiff by the acts of defendant, etc. The jury returned a verdict on all such issues favorable to defendant, and found that there were certain public roads where defendant had removed the fences, and that plaintiff had suffered no damage. Afterwards the court made findings in which it states that it "refuses to adopt said findings of the jury, and rejects each and every thereof," and proceeds to find all the issues which had been passed on by the jury the other way, and favorably to plaintiff, and finds that plaintiff was damaged by said acts of defendant in the sum of one hundred dollars. Upon these findings judg ment was rendered against defendant for one hundred dollars damage and costs, and perpetually enjoining him from opening or interfering with said fences. From this judgment, and from an order denying a new trial, defendant appeals.

The first point made by appellant is, that the court erred in disregarding the verdict of the jury, and setting it aside without the proceeding of a motion for a new trial. This point is certainly well taken, so far, at least, as the issue of damages is concerned. It has long since been held that under our system a legal and equitable remedy may be sought in the same action; but each remedy must be governed by the same law that would apply to it if the other remedy had not also been asked for. An action to recover damages for past trespasses is as clearly a legal remedy as any that could be named; and it is an action in which a party cannot be deprived of a jury trial. For this reason, therefore, the judgment and order must be reversed.

The question whether or not the defendant was entitled to have other issues in the case submitted to a jury has not been discussed by counsel for appellant;

and it is a question too important to be finally disposed
of without the fullest argument and consideration.
There is a disposition to assume that the right to a jury
trial is determined entirely by the *form* of action which
the plaintiff chooses to adopt. We had occasion, in
*Donahue* v. *Meister*, 88 Cal. 121, to say that such a
position is not tenable. If two co-terminous owners
of land have a dispute about the ownership of a piece
of land lying along the common boundary, and one brings
an action of ejectment to recover it, undoubtedly the other
would be entitled to a jury on the trial of the cause.
But suppose he chooses to bring an action for an in-
junction, averring that the other party is cutting timber,
or committing some other waste, on the disputed terri-
tory, and praying to have him enjoined from so doing,
without asking for damages; would the defendant in that
case be deprived of the right of a jury trial? In the
case at bar, if the plaintiff had merely asked for damages
caused by the alleged acts of the defendant, the action
would have been the common action of trespass, in which
defendant, of course, would have been entitled to a jury;
does the fact that he also prayed for an injunction take
away from him the right to have the *real issues* of fact
tried by a jury? Of course, it is always for the judge
sitting as a chancellor to determine whether, when cer-
tain rights are established, he will grant an equitable
remedy prayed for, or compel a party to be satisfied with
his legal remedy; but when the asserted rights upon
which *any* remedy must rest are legal rights, and cogni-
zable in a court of law, must not those rights be deter-
mined according to the methods of a common-law court?
And in such a case can a party be deprived of his con-
stitutional privilege of a jury? "The writ of injunction,
being largely a preventive remedy, will not ordinarily
be granted, when the parties are in dispute concerning
their legal rights, until the right is established at law.
And if the right for which protection is sought is de-
pendent upon disputed questions of law which have
never been settled by the courts of the state, and con-

cerning which there is an actual and existing dispute, equity will withhold relief until the questions of law have been determined by the proper courts." (High on Injunctions, sec. 8.) In Pomeroy's Equity Jurisprudence, section 116, it is said, on the subject of the blending of legal and equitable remedies under our system, as follows: "A complete amalgamation, however, is not possible, so long as the jury trial is retained in legal actions. There is certainly no impossibility, nor even difficulty, in requiring a jury to decide the issues of fact upon which the right to many kinds of equitable remedies depends; this is the province of a jury in legal actions, the court pronouncing the judgment upon their verdict. A jury is clearly incompetent to frame and deliver a decree according to the doctrines and methods of equity; but there can be no real obstacle in the way of its ascertaining the facts by its verdict, and leaving the court to shape the decree and award the relief based upon these facts, in many species of equitable remedies."

We have made the above remarks and quotations for the purpose of calling attention to the subject; for the right of a jury trial in cases *in form* equitable has not been very clearly defined. The action for trespass upon real property with a prayer for an injunction was very common in the early history of this state. It was frequently used to determine mining and water rights, and it was generally conceded that either party had the right to a jury trial. (See *Gates* v. *Kieff*, 7 Cal. 124; *Natoma W. & M. Co.* v. *Clarkin*, 14 Cal. 543; *Moore* v. *Massini*, 32 Cal. 594.) The general subject is, no doubt, full of difficulties, and we have thus alluded to it so that we may not be considered as holding, in the case at bar, that the issue of damages is the only one as to which the appellant was entitled to a jury. There are no other points in the case necessary to be noticed.

Judgment and order reversed, and cause remanded for a new trial.

DE HAVEN, J., and BEATTY, C. J., concurred.