[No. 13282.   Department Two. — June 26, 1891.]

JULIUS NEWMAN, RESPONDENT, *v.* JOHN DUANE,
APPELLANT.

QUIETING TITLE — RECOVERY OF REAL PROPERTY — LEGAL ISSUES — JURY
TRIAL. — In an action for the recovery of real property, the defendant is
entitled to a trial by jury, under section 592 of the Code of Civil Pro-
cedure; and conceding that a plaintiff out of possession may bring an
action in equity, under section 738 of the Code of Civil Procedure, to
determine an adverse claim against a defendant in possession, yet where
the object of the action is to recover possession, and the defendant
denies the allegations of the complaint and sets up a title by adverse
possession, he cannot be deprived of a jury trial of the issues raised by
the answer.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a new trial.

The facts are stated in the opinion of the court.

*Moses G. Cobb,* for Appellant.

*Olney, Chickering & Thomas,* for Respondent.

McFARLAND, J. — The plaintiff in his complaint merely alleges that he is owner in fee "and in possession" of certain described land; and that defendant, without any right whatever, claims an interest or estate in said land adverse to plaintiff. The complaint, as to the real issues between the parties, is quite childlike and bland, and does not contain any intimation that defendant was in the actual possession of the land, and that what plaintiff mainly wanted was to put defendant out. The prayer does not suggest that plaintiff would like to have a writ of restitution. But the answer denies all the allegations of the complaint, and sets up that defendant has been in possession of the land for more than fifteen years; and the court finds that he had been thus in possession for at least four years before the commencement of the action. Judgment was rendered for plaintiff, which, among other things, decrees that "plaintiff do have a writ of possession of said premises as against the defendant and all persons claiming under him." From the judgment, and from an order denying a new trial, defendant appeals.

Before the commencement of the trial, defendant duly demanded a trial by jury; "but the court refused to grant him the same, on the ground that the case was an equity case, in which he, said defendant, was not entitled to a jury trial as a matter of right." Defendant duly excepted; and the first point made by appellant is, that the court erred in refusing his demand for a jury.

We think that the appellant was clearly entitled to a jury, not only upon the principles discussed and determined in *Donahue* v. *Meister*, 88 Cal. 121, but in accordance with the specific language of section 592 of the Code of Civil Procedure, which expressly gives the right to a jury trial "in actions for the recovery of specific real or personal property." In the case at bar, where the defendant was in possession, claiming adversely to plaintiff, the obviously proper action to have been

brought was what we call an action of ejectment, — that is, an action " for the recovery of specific real property," — in which case the defendant would have been clearly entitled to a jury. Plaintiff has endeavored to accomplish the same result — that is, the restitution of possession — in the form of a statutory action under section 738 of the Code of Civil Procedure. Assuming that said section contemplates a case where the plaintiff is out of possession, and the defendant *in* possession, still it is evident that the plaintiff herein, by simply framing his complaint in a particular way, could not deprive the defendant of a jury trial of the issues raised by his answer.

For the error committed in refusing the appellant a jury, the judgment must be reversed; and it is unnecessary to notice the other points made by the appellant.

Judgment and order reversed, and cause remanded for a new trial.

SHARPSTEIN, J., and DE HAVEN, J., concurred.