BEVERLY T. CRUMP and others *vs.* HENRY G. INGERSOLL and another.

| 47 | 179 |
| 86 | 66 |

August 25, 1891.

**Equity—Objection of Adequate Remedy at Law—Waiver.**—A court of equity may, *ex mero motu* as well as upon objection, decline to take jurisdiction of an action of equitable cognizance, where the plaintiff has an adequate legal remedy; but where it does take jurisdiction, and proceed to trial, and the case is voluntarily submitted by both parties, the case should be fully and finally disposed of on the merits, and full relief granted if the facts warrant it.

**Same—Reason for Rule.**—The basis of this rule is that it is unjust to subject the plaintiff to the vexation and expense of a second trial on technical grounds, provided the court is competent to grant the appropriate relief.

**Same—Cancellation of Contract and Recovery of Money—Relief to be Granted.**—Where, in an equitable action tried as such, brought for the cancellation of a contract for fraud, and an accounting and recovery of moneys, received under it, the merits were fully tried, and the facts found in plaintiffs' favor, *held*, that the court should grant the relief asked for, the cancellation of the contract, and not merely a money judgment, notwithstanding the plaintiffs may have a legal defence to the enforcement of the contract, to the end that the controversy might be fully settled in that one action.

**Same—Sufficiency of Findings of Fact.**—The facts found upon the trial
of this action, which were considered on the former appeal, (44 Minn. 84,)
*held* sufficient to warrant the equitable relief asked.

Action brought in the district court for Ramsey county and tried
by *Otis*, J., who ordered judgment for plaintiffs against the defend-
ants other than Odin G. Clay, for the sum of $2,700, and denied
plaintiffs' motion that the conclusions of law and order for judgment
be amended so as to direct judgment cancelling the contract of agency
annexed to the complaint and considered in the opinion.   Judgment
was entered accordingly, and the plaintiffs appealed.   The provi-
sions of the contract, and the findings of fact, are stated in the opin-
ion of the court on an appeal by defendants from an order refusing a
new trial of this action.   44 Minn. 84.

*J. F. Fitzpatrick*, for appellants.

*James E. Markham*, for respondents.

VANDERBURGH, J.   This action is brought to set aside the certain
contract of agency annexed to the complaint, executed by the par-
ties plaintiff and defendant, and for an accounting and the recov-
ery of certain moneys alleged to have been fraudulently obtained by
the defendants of the plaintiffs in effecting the purchase of the land
described in the contract.   The court found that the defendants were
also acting as the agents of the vendors, and that they actually bar-
gained for the land at a price much less than represented to the
plaintiffs, and secretly retained the difference for their own use, and
thereupon ordered judgment for the plaintiffs for the amount thereof,
being the sum of $2,700.   The defendants' appeal in the case was
considered in 44 Minn. 84, (46 N. W. Rep. 141.)   This appeal is by
the plaintiffs, who complain because the court did not go further, and
upon the facts found annul the contract in question, and discharge
the plaintiffs from the obligations thereof, as between these parties.

This contract secures to the defendants, "for their services ren-
dered and to be rendered, one-third of the net profits arising from
the sale or renting of said land;" and provides, in certain contin-
gencies, for a division between plaintiffs and defendants of any of
the land left over after sufficient has been sold to pay the purchase-

money, interest, and taxes, and also that the defendants shall have the care and management of the premises until sold. The plaintiffs did not discover the fact that the defendants were acting in the dual relation of agents for both parties until the purchase was consummated and the purchase-money paid or secured. All the material allegations of fact which form the basis of their claim for the relief asked are found in plaintiffs' favor. But, as a conclusion of law, the court found simply that the plaintiffs were entitled to recover the sum kept and retained by the defendants out of the purchase-money, and ordered judgment for that sum, but gave plaintiffs no further relief, thus leaving defendants' rights and relations under the contract undisturbed. There is no adjudication in the case in respect to the effect of the alleged fraud upon the contract, and defendants' rights and relations thereunder.

The contract establishing the agency of the defendants was executed by the parties, after they had arranged terms and made their conditional contract with the vendors of the land, and after they had secured the exclusive agency for the sale thereof. Their position was entirely irreconcilable with their duty to the plaintiffs in the fiduciary relation which they sustained to them. The contract in question, as respects their future relations to the property, was therefore voidable at the election of the plaintiffs. There was such a breach of duty on their part as to work a forfeiture of all right to compensation, and the law will not recognize or enforce the contract in their favor. *Farnsworth* v. *Hemmer*, 1 Allen. 495; *Meyer* v. *Hanchett*, 39 Wis. 419; Mechem, Ag. § 643; *Webb* v. *Paxton*, 36 Minn. 532, (32 N. W. Rep. 749.) The contract provides for a division of profits for the past and future services of the defendants. The plaintiffs were entitled to revoke it. This the defendants contest, and this the court below failed to declare and adjudge. We think, after the parties had voluntarily contested the case fully on the merits, this question should also have been passed upon, and the court should have declared the effect of the alleged fraud upon the contract. The issues presented and the relief sought were such as equity might take cognizance of, and the parties proceeded to try and submit the case upon the merits; but the court stopped short of com-

plete relief, and defendants insist that their rights under the contract are not and ought not to be affected by the judgment. In other words, the controversy is still open and undetermined, notwithstanding the trial already had.

It is urged, as respects this branch of the relief sought, that the plaintiffs have an adequate remedy at law; but why put the parties to a second trial, when the case has already been voluntarily submitted to the court without a jury, and the facts found fully warranting the relief sought? The strict technical rule ought not to be applied in such cases, especially where, as I think was the case here, both parties treated the case as an equity case, and consented to its trial as such. Certainly it was tried by the court without objection, and the issues fully litigated, and the chief reason for sending a case to the law side of the court, to allow the parties an opportunity for a jury trial, does not exist here. It is true that a court of equity may, *ex mero motu*, decline to take jurisdiction in actions of equitable cognizance, where the plaintiff has an adequate legal remedy; but when it takes jurisdiction, and the case is fully tried and submitted, the court should determine it on the merits. *Russell* v. *Loring*, 3 Allen, 121; *St. Paul & Sioux City R. Co.* v. *Robinson*, 41 Minn. 394, (43 N. W. Rep. 75,) and cases cited; *Peck* v. *School-District*, 21 Wis. 523. One substantial reason for the application of this rule is that, under such circumstances, it is unjust and unreasonable to subject the plaintiff to the vexation and expense of a second trial, and the court ought to retain the case, provided it is competent to grant the appropriate relief. *Clark* v. *Flint*, 22 Pick. 231. And the court expressly held on the former appeal that such was the nature of this action, (44 Minn. 84, 46 N. W. Rep. 141,) and the entire relief sought is predicated upon one and the same state of facts. *Cutting* v. *Dana*, 25 N. J. Eq. 265, 273.

In this case the court had jurisdiction, and it was quite competent to grant the relief. The defendants cannot be permitted to derive any profit from the contract, and are entitled to no compensation for services under it. They cannot successfully resist its cancellation as to them. The plaintiffs are therefore entitled to be relieved from any obligations thereunder to the defendants. The case will be re-

manded to the district court with directions to modify the judgment in accordance with this opinion.

GILFILLAN, C. J.  I dissent.  The case was not one in which a court of equity would have entertained a suit for cancellation of the contract.  The fact that there was a full trial of everything affecting the validity of the contract, which defendants could not prevent nor object to, is no ground for relief which a court of equity would have refused had a suit been brought for it.