[No. 14407.  In Bank. — May 5, 1892.]

# JAMES T. LANDREGAN, RESPONDENT, *v.* JOSEPH PEPPIN, APPELLANT.

94  465
116  500
94  465
120  516
94  465
378
35
6

QUIETING TITLE — ACTION BY PLAINTIFF OUT OF POSSESSION — PLEADING —. WRIT OF POSSESSION. — In an action under section 738 of the Code of Civil Procedure, brought by a plaintiff out of possession to determine an adverse claim to realty against a defendant in possession, the defendant must set up in his answer whatever interest or right of possession he may claim; and if the answer denies plaintiff's title, and alleges ownership, possession, and right of possession in the defendant, and the court renders a decree quieting the plaintiff's title, the plaintiff is entitled to a writ of possession, although the complaint fails to allege that the plaintiff was out of possession.

ID. — JUDGMENT — RIGHT OF POSSESSION — SUPPLEMENTAL ORDER FOR WRIT. — In an action to determine an adverse claim, when it has been adjudicated that the defendant has no adverse claims or interests in the property in controversy, the subject of litigation is exhausted; and if it appears that the plaintiff is out of possession, the judgment necessarily entitles him to possession. Nor is it essential that the judgment itself should direct the issuance of the writ of possession, but the law is fully satisfied by a supplemental order to that effect.

ID. — INSUFFICIENT DEFENSE TO APPLICATION FOR WRIT — PURCHASE OF OUTSTANDING TITLE — MERITS NOT CONSIDERED. — Where judgment has been rendered in favor of the plaintiff, in an action to quiet title, the fact that the defendant, since the date of the judgment, has purchased an outstanding title, is no defense to an application for a writ of possession; nor can the merits of the claim be considered upon such application.

ID. — JUDGMENT OF DISMISSAL OF EJECTMENT — EFFECT OF STIPULATION. — A judgment of dismissal of an action of ejectment, brought by the plaintiff in an action to quiet title against the same defendants, for the recovery of the same land, and commenced upon the same day, but dismissed by stipulation of parties, after the judgment in favor of plaintiff in the action to quiet title, ach party to the stipulation paying his own costs, cannot be set up to defeat a motion for the writ of possession, whatever its effect may be as a defense to another claim afterwards brought upon the same cause of action.

APPEAL from an order of the Superior Court of Plumas County for the issuance of a writ of possession.

The facts are stated in the opinion of the court.

*Goodwin & Goodwin*, for Appellant.

*Edward C. Robinson*, and *W. W. Kellogg*, for Respondent.

Garoutte, J. — This is an action brought under the provisions of section 738 of the Code of Civil Procedure, for the purpose of quieting title to certain quartz mines situated in Plumas County. The complaint is in the usual form, and the answer denies the allegations thereof except as to the adverse claim, and further alleges that at and for a long time prior to the commencement of the action, defendant was the owner of, in the possession, and entitled to the possession of all of said real estate. The court found all the allegations of the complaint to be true, and a decree was entered quieting plaintiff's title. After the entry of the decree, plaintiff moved the court for an order to the sheriff that he be placed in possession of the property, and in support of said motion, filed an affidavit setting forth the proceedings resulting in the decree, and also setting out the fact that at the commencement of said action plaintiff was out of possession, and the defendant was the party in possession of the property. Defendant opposed the motion, and filed an affidavit setting forth the fact that subsequent to the rendition of the decree he obtained judgment on the merits against plaintiff, in an action of ejectment, to recover possession of the same land involved in this action. He also set out the acquisition by himself of an outstanding title created since the action was tried and determined. The court ordered the writ of possession to issue, and from this order defendant appeals.

Section 738 of the Code of Civil Procedure provides: "An action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim." Section 380 of the same code reads: "In an action brought by a person out of possession of real property, to determine an adverse claim of an interest or estate therein, the person making such adverse claim and persons in possession may be joined as defendants; and if the judgment be for the plaintiff, he may have a writ for the possession of the premises, as

against the defendant in the action against whom the judgment has passed." It will be noticed that section 738 of the Code of Civil Procedure, which provides for the determination of adverse claims to realty, is very broad in its terms, and includes all adverse interests, from a claim of title in fee to the smallest leasehold, and unquestionably it is the duty of the defendant to set out his interest, whatever it may be, when called upon, under this section of the code. If he has an adverse claim which will support an issue at law upon which he desires a jury trial, it is his duty to set out that claim, make that issue, and demand a jury trial. In this action it is not necessary to determine whether or not the pleadings were sufficient to entitle either party to a jury as to any of the issues created. If not sufficient, the defendant should have made them so, if his adverse claims of interest justified such a course, and not having done so, he cannot now be heard to complain that he was deprived of his right to a jury trial. In *Donahue* v. *Meister*, 88 Cal. 121, this court, in referring to section 738 of the Code of Civil Procedure, said: "The main effect of said section is to give parties the right to compel others by suit to litigate and determine controversies in cases where such right did not before exist; but if in such a suit issues arise which are clearly legal and cognizable in a court of law, the code does not take away the right to have such issues tried by a jury." Appellant insists that plaintiff's complaint should have alleged that he was out of possession. The section does not appear to contemplate that the pleading should so state. What benefit could the defendant derive from such an allegation? How could he be misled by the absence of it? If alleged, it would have created no issue, for it would not have been denied. In fact, defendant sets out possession in himself by his answer. Prior to the adoption of the codes, a person out of possession could not bring an action to quiet his title, but now a party is not compelled to recover possession by an action at law, and then quiet his title in equity; but under the

section of the code previously quoted, he has the right
to secure all the relief in one action, and this was the
sole object of the provision. We do not deem it essen-
tial that the judgment itself should direct the issuance
of the writ of possession. The law is fully satisfied by
a supplemental order to that effect. The section of the
code provides that if the judgment upon the main ques-
tion, to wit, the adverse claim, be for the plaintiff, then
he may have a writ for the possession of the premises.
As already suggested, it is well settled that in an action
of this character the defendant must set up whatever
right of possession he may claim. When, therefore, as
in this case, it has been adjudicated that defendant has
no adverse claims or interests of any kind or nature
whatever in the realty, the subject of litigation is ex-
hausted, and if the plaintiff is out of possession, the
necessary effect of the judgment is, that it entitles him
to that possession. In speaking of a writ of assistance
under a decree in foreclosure in *Montgomery* v. *Middlemiss,*
21 Cal. 107, 81 Am. Dec. 146, this court said: "The legal
effect of the decree is the same without the direction."

We do not think the fact that the defendant, since the
date of the judgment, has purchased an outstanding title
is a sufficient defense to the application for the writ of
possession. Plaintiff's application for the writ is based
upon the adjudicated right that the defendant, as against
him, has no interest of any character. Defendant now
claims a right to the possession, acquired subsequent to
this adjudication, and which he insists is superior to the
right there decreed. It is sufficient to say, the court
cannot determine the merits of defendant's claim upon
this application. This is a proceeding upon affidavits,
and no question of title can be litigated in this way.
This is a hearing upon a motion, and a motion cannot
be converted into a trial. There is but little authority
upon this question; but the case of *Kercheval* v. *Ambler,*
4 Dana, 170, appears to be directly in point. At the
same term of court, Forman and Ambler, in separate
actions of ejectment, obtained judgments against one

Kercheval. Forman was placed in possession under his decree, and thereupon leased the property to Kercheval. Kercheval relied upon his possession under the lease to defeat the writ of possession issued to Ambler, and the court said: " But he [Kercheval] alone is the party here, and though he may have been a tenant, his possession was in fact his own, and beneficial to himself, and he cannot, we think, defeat or evade Ambler's judgment against himself by interposing the unlitigated claims of a stranger to that judgment, however he may represent him. . . . . After Ambler obtained his judgment, the appellant, as long as that judgment remained unreversed and unsatisfied, could not defeat or evade it by any act without the consent or fault of Ambler, and of course could not hold the possession against Ambler's execution, and in defiance of its authoritative mandate." And again: "If he have a better right than Ambler to the possession, his only remedy allowed by law is that of some legal process, when their respective claims to possession, hitherto unlitigated, may be tried and determined according to law." (See also *Ritchie* v. *Johnson*, 50 Ark. 551; 7 Am. St. Rep. 118.)

It appears that plaintiff began an action in ejectment against defendant for the recovery of this land upon the same day that the present action was commenced; that the action to quiet title came to judgment first, and thereupon, by stipulation of the parties, the ejectment was dismissed, each party paying his own costs. Appellant insists that under section 582 of the Code of Civil Procedure this was a judgment on the merits, and therefore an adjudication that at that time appellant was entitled to possession of the land, and consequently was a perfect defense to the motion for the writ of possession. It is unnecessary to discuss the effect of this judgment of dismissal, under the peculiar facts of the case, although, as we have already decided that the effect of the judgment in this action was to declare plaintiff entitled to the possession of the land, it is difficult to discern any substantial benefit that could have been

derived to plaintiff by prosecuting the ejectment suit to final judgment.

In this case, it is sufficient to say we do not think the judgment of dismissal, whatever its effect, could be set up to defeat the motion for a writ of possession. *Merritt v. Campbell*, 47 Cal. 547, and other cases upon this question which have been called to our attention, decide that such judgment, if properly pleaded, will constitute a *defense to another claim afterward brought upon the same cause of action.* That is not the case made by this record, and we are not disposed to extend the doctrine beyond the limits fixed by the authorities.

Let the order be affirmed.

De Haven, J., McFarland, J., Paterson, J., and Sharpstein, J., concurred.

Harrison, J., and Beatty, C. J., dissented.