## BOOK et al. v. JUSTICE MIN. CO.

### (Circuit Court, D. Nevada. November 27, 1893.)

1. EQUITY JURISDICTION—WAIVER OF OBJECTIONS THERETO.
    One who files a bill asking equitable relief, procures the appointment of an examiner, takes testimony before him, submits the same to the court, and argues the case on the theory that it is an equity suit, thereby waives his right, if he ever had any, to a jury trial; and it is too late, when the issues have been found against him, to claim that the suit was really an action at law.

2. SAME—FEDERAL COURTS—STATE STATUTES.
    A suit by a person in possession of real estate to determine an adverse claim under the Nevada statute (Gen. St. § 3278) is an equity suit, and cognizable as such in the federal courts.

3. EQUITY PLEADING—ANSWER AND CROSS BILL—WAIVER OF OBJECTIONS.
    If matters which should be included in a cross bill are set up in the answer, and no objection is made until the issues are determined upon evidence introduced by both parties, this is a waiver of the technical objection, and the court may grant affirmative relief upon the answer, as if it were a cross bill.

. In Equity. Suit by William Book and W. H. Blowey against the Justice Mining Company to determine an adverse claim. On motion for a new trial. Denied.

Robert M. Clarke, for complainants.
W. E. F. Deal, for defendant.

HAWLEY, District Judge, (orally.) Complainants move the court for a new trial; among other things, upon the ground that the case was an action at law, and not a suit in equity, and should have been tried by a jury. Complainants' position relative to the character of this suit is, to say the least, very inconsistent. It seems to be: (1) That, if they had won, it would have been an equity suit, and they would have been entitled to a decree; but, having lost the case upon its merits, it is an action at law, and they are entitled to a trial by jury. (2) The court had jurisdiction to enter a decree in their favor, but it had no jurisdiction to enter a decree in favor of the defendant. (3) If they had won, they would have won everything; but, having lost, they have lost nothing. It is admitted that the bill was filed under the belief that equity was the proper remedy; but counsel for complainants claims that he was mistaken as to the proper form of the action. . The bill prayed for equitable relief as follows:

"That said defendant be required to appear and answer this complaint, and show to the court its pretended title, interest, and estate, and that upon the final hearing your orators be adjudged and decreed to be the owners of said Peerless mining claim and location, and that defendant's claim thereto be adjudged and decreed to be invalid, and that defendant be perpetually enjoined from claiming or asserting any title, interest, or estate in and to said Peerless mining claim and location."

The defendant answered, asserting title to the property, fully setting up its adverse claim, and prayed for affirmative relief, as follows:

"This defendant further humbly prays that this defendant be adjudged and decreed to be the owner of said West Justice mining claim, and of said James G. Blaine mining claim, as hereinbefore described, and that complainants' claim to said portions thereof hereinbefore described be adjudged and decreed to be invalid, and that said complainants be perpetually enjoined from claiming or asserting any title, interest, or estate in or to said West Justice mining claim and location, or in or to said James G. Blaine mining claim and location, or any part thereof, and that an injunction be issued from this honorable court, enjoining and restraining said complainants, or either of them, their, or either of their, agents, attorneys, or employes, from working or digging in or upon either of said mining claims and premises, and from extracting and digging or carrying away any of the rock, earth, or ore in either of said mining claims, or from interfering in any manner therewith, and, upon the final hearing, that said injunctions be made perpetual."

When issue was joined, complainants moved for the appointment of an examiner to take testimony in the case, and an examiner was so appointed by consent of the parties to this suit. The testimony was taken before the examiner, and submitted to the court. The case was tried before the court, and decided, as an equity suit, without objection being made by either party as to the form of the action.

The parties having joined issue, each asking for equitable relief, and having voluntarily asked for the appointment of an examiner, and taken testimony before him, and submitted the same to the court, and argued the case upon the theory that it was an equity suit, have waived their right, if any they ever had, to have a jury, and it is now too late to object to the form of the action. Kelly v. Smith, 1 Blatchf. 290; Magee v. Magee, 51 Ill. 503; Railway Co. v. Ward, (Ill. Sup.) 18 N. E. 828; Crump v. Ingersoll, 47 Minn. 182, 49 N. W. 739; Freeland v. Wright, 154 Mass. 493, 28 N. E. 678; Landregan v. Peppin, 94 Cal. 467, 29 Pac. 771; Evans v. Goodwin, 132 Pa. St. 136, 19 Atl. 49; Levi v. Evans, 57 Fed. 681; Reynes v. Dumont, 130 U. S. 395, 9 Sup. Ct. 486; 1 Daniell, Ch. Pr. 555. In Landregan v. Peppin, which was an action brought under the provisions of section 738 of the Code of Civil Procedure of California for the purpose of quieting title to certain quartz mines, the complaint was in the usual form, and the answer denied the allegations thereof, except as to the adverse claim, and alleged that at, and for a long time prior to, the commencement of the action, the defendant was the owner of, in the possession of, and entitled to the possession of, all of said real estate. The court found all the allegations of the complaint to be true, and a decree was entered, quieting plaintiff's title. After the entry of the decree, plaintiff moved the court for an order to the sheriff that he be placed in possession of the property. The defendant opposed the motion. The court, in discussing the question, said:

"It will be noticed that section 738 of the Code of Civil Procedure, which provides for the determination of adverse claims to realty, is very broad in its terms, and includes all adverse interests, from a claim of a title in fee to the smallest leasehold; and, unquestionably, it is the duty of the defendant to set out his interest, whatever it may be, when called upon, under this section of the Code. If he has an adverse claim which will support an issue at law, upon which he desires a jury trial, it is his duty to set out that claim, make that issue, and demand a jury trial. In this action it is not necessary to determine whether or not the pleadings were sufficient to entitle either party to a jury as to any of the issues created. If not sufficient, the defendant should have made them so, if his adverse claims of interest justified such a course; and, not having done so, he cannot now be heard to complain that he was deprived of his right to a jury trial.",

In Levi v. Evans, where the suit was first brought as an action at law, upon common counts for money had and received, additional pleadings were filed in the state court, without objection, stating the grounds for equitable relief. The cause was thereafter removed to the United States circuit court, and was tried as an equity suit, without objection. The circuit court of appeals said:

"If additional and amended pleadings, exhibiting causes of action of an equitable nature, could not properly be filed in an action at law, all objection to such course of procedure was expressly waived by the appellant, and he voluntarily appeared to these equitable suits, pursuant to a stipulation entered into by him with the appellees for a valuable consideration. Good faith and fair dealing would now preclude the appellant from profiting by his objection. But, if there had been no waiver, the objection came too late. If a defendant in a suit in equity answers and submits to the jurisdiction of the court, it is too late for him to object that the plaintiff has a plain and adequate remedy at law."

In Freeland v. Wright, which was a bill in equity brought to redeem a mortgage of real estate, the court said:

"If an application to frame issues for a jury would have been granted, if seasonably made, the plaintiff waived her right by allowing a reference to a master, and a hearing before him, before asking for a jury trial. Parker v. Nickerson, 137 Mass. 487. It would be unreasonable to permit a party to go to trial before a master, and take his chances of a favorable report, and then, if dissatisfied with the result, have another trial before a jury, and thereby put the other party to unnecessary expense and trouble."

This view of the case is absolutely conclusive of the question. But, owing to the positions assumed by complainants, it is deemed proper to add that, in my opinion, counsel for complainants was not mistaken as to the proper form of the action. It is an equity suit. The statutes of Nevada provide that:

"An action may be brought by any person in possession, by himself, or his tenant, of real property, against any person who claims an estate or interest therein adverse to him, for the purpose of determining such adverse claim, estate or interest." Gen. St. Nev. § 3278.

An action brought under this statute, by a party in possession, to quiet the title to a mining claim, is an equity suit, and may be tried and disposed of as such. Low v. Staples, 2 Nev. 209; Mining Co. v. Marsano, 10 Nev. 370; Landregan v. Peppin, supra; Balmear v. Otis, 4 Dill. 558; Clark v. Smith, 13 Pet. 195; Wickliffe v. Owings, 17 How. 48; Holland v. Challen, 110 U. S. 24, 3 Sup. Ct. 495; 1 Fost. Fed. Pr. § 7; 3 Pom. Eq. Jur. § 1396. Foster, in enumerating the state laws creating new rights which can be enforced by federal courts of equity, specifies one authorizing a person in possession of land to sustain a bill to determine and quiet the title to the same. In Balmear v. Otis, which was an action brought under the Iowa statute to quiet title, the court said:

"A proceeding under the Iowa statute to quiet title, is, in its essence, an equity suit. In the federal courts, whether a particular case is one at law or equity depends upon the case stated in the petition. If the case there made shows a mere contest of legal titles, and the defendant is in possession, the remedy is at law. If the plaintiff is in possession, or if neither party is in possession, and the petition or bill shows that equitable relief is necessary or proper, the jurisdiction is in equity."

But complainants claim that defendant, not having filed a cross bill, is not entitled to any affirmative relief. If this position was conceded to be correct, and applicable to the facts of this case, it would only result in a modification of the decree so as simply to dismiss the complainants' bill, and enter judgment for defendant for its costs. The contention of counsel is that when the court came to the conclusion that complainants were not in the legal possession of the mining ground in controversy, and were mere trespassers thereon, their right of action could not be maintained, and the court should have dismissed the bill, and remitted the defendant to its right of action at law, by ejectment, to remove complainants from the premises, and that the court had no jurisdiction to render a decree in favor of defendant, as prayed for in its answer. In Chamberlain v. Marshall, 8 Fed. 398, which is the principal case relied upon by complainants, it appeared from the bill itself that

the complainants did not have the legal title. If it had appeared from the bill itself that the complainants were not in possession of the Peerless claim, the court might have dismissed the bill, without deciding the case upon its merits, on the ground that the complainants, not being in possession, could not maintain the suit. But the facts in this case are that it appeared from the allegations in the bill, and from the evidence, that the complainants were in the actual possession of the Peerless ground, claiming title thereto, and their right of possession and title could not be determined until after all the evidence taken on behalf of both parties was submitted, and the case heard and determined; and the case having been tried upon its merits, without objection being made as to the regularity of the procedure, or the sufficiency of the pleadings, it is now too late for the complainants to make the objection that the defendant is not entitled to any relief because a cross bill was not filed. Coburn v. Cattle Co., 138 U. S. 221, 11 Sup. Ct. 258. A cross bill may be brought by a defendant in a suit against the plaintiff, in the same suit, or against other defendants in the same suit, or against both, touching the matters in question in the original bill. It is brought either to obtain a discovery of facts in aid of the defense to the original bill, or to obtain full and complete relief to all parties as to the matters charged in the original bill. Shields v. Barrow, 17 How. 145; Ayres v. Carver, Id. 595; 3 Daniell, Ch. Pr. § 1742; 1 Fost. Fed. Pr. § 170. Matters which regularly should be included in a cross bill may, if no objection is made, be set up in an answer, and relief granted as if a cross bill had been filed. Kelsey v. Hobby, 16 Pet. 277; Coburn v. Cattle Co., supra. This being true, was there any necessity for a cross bill in this case? Does not the answer set up every fact that could have been set up in a cross bill? Is not the relief asked for in the answer the same as would have been prayed for in a cross bill? Is it not within the province of this court to treat the answer as a cross bill, if such a bill was necessary in this case? Is not this court authorized by the course of proceeding in chancery cases to dispense with the cross bill, and make the same decree upon the answer to complainants' bill that could have been made if a regular cross bill had been filed? The practice suggested by these questions has been frequently adopted by courts of equity as being convenient, safe, and proper for the purpose of avoiding a multiplicity of suits. Bradford v. Bank, 13 How. 69. And I shall adhere to this practice in the disposition of this case, as it will tend to save further expense and unnecessary litigation.

Having regularly obtained jurisdiction of this case, under the pleadings, as an equity suit, it is the duty of this court to settle and determine the rights of the parties in accordance with the principles of equity and justice, although an action at law might have been sustained to settle and adjudicate their rights. Landregan v. Peppin, supra; 1 Daniell, Ch. Pr. 555; Hawes, Jur. § 67, and authorities there cited; Kilbourn v. Sunderland, 130 U. S. 505, 9 Sup. Ct. 594; Brown v. Iron Co., 134 U. S. 535, 10 Sup. Ct. 604; Beecher v. Lewis, 84 Va. 632, 6 S. E. 367; Crump v. Ingersoll, 47 Minn. 181, 49 N. W.

739; Danielson v. Gude, 11 Colo. 88, 17 Pac. 283.    In Brown v. Iron Co., the court, in discussing the questions applicable to the case, said:

"But the maxim, 'He who seeks equity must do equity,' is as appropriate to the conduct of the defendant as to that of the complainant; and it would be strange if a debtor, to destroy equality and accomplish partiality, could ignore its long acquiescence, and plead an unsubstantial technicality, to overthrow protracted, extensive, and costly proceedings carried on in reliance upon its consent. Surely, no such imperfection attends the administration of a court of equity. Good faith and early assertion of rights are as essential on the part of the defendant as of the complainant."

After referring to the cases of Reynes v. Dumont, 130·U. S. 354, 9 Sup. Ct. 486; 1 Daniell, Ch. Pr. 555; Lewis v. Cocks, 23 Wall. 466; Oelricks v. Spain, 15 Wall. 211,—the court said:

"The doctrine of these and similar cases is that the court, for its own protection, may prevent matters purely cognizable at law from being drawn into chancery at the pleasure of the parties interested; but it by no means follows, where the subject-matter belongs to the class over which a court of equity has jurisdiction. and the objection that the complainant has an ade- ·quate remedy at law is not made until the hearing in the appellate tribunal, that the latter can exercise no discretion in the disposition of such objection. Under the circumstances of this case, it comes altogether too late, even though, if taken in limine, it might have been worthy of attention."

In Beecher v. Lewis, which was an action to settle accounts growing out of a trust fund, the court said:

"Its jurisdiction having been thus rightly invoked and exercised, there was no reason·to turn the parties around to another forum, and to fresh litigation, to finally settle these same accounts between them, for, when a court of equity has once acquired jurisdiction of a cause upon equitable grounds, it may go on to complete. adjudication, even to establishing legal rights and granting legal remedies, which would otherwise be beyond the scope of its authority. * * * As was said by the lord keeper, afterwards Lord Chancellor Nottingham, speaking of this court, in Parker v. Dee, 2 Ch. Cas. 200, 'And, when this court can determine the matter, it shall not be a handmaid to the other courts, nor beget a suit to be ended elsewhere.'"

After enumerating several cases where this principle would be applicable, the court adds:

"And, in the last place, when neither of these principles applies, there is great force in the ground of suppressing multiplicity of suits, constituting, as it does, a peculiar ground for the interference of a court of equity."

In Crump v. Ingersoll, 47 Minn. 181, 49 N. W. 739, the court said:

"The issues presented and the relief sought were such as equity might take cognizance of, and the parties proceeded to try and submit the case upon the merits, but the court stopped short of complete relief; and defendants insist that their rights under the contract are not, and ought not to be, affected by the judgment. In other words, the controversy is still open and undetermined, notwithstanding the trial already had. It is urged, as respects this branch of the relief sought, that the plaintiffs have an adequate remedy at law; but why put the parties to a second trial, when the case has already been voluntarily submitted to the court without a jury, and the facts found fully warranting the relief sought? The strict, technical rule ought not to be applied in such cases, especially where, as I think was the case here, both parties treated the case as an equity case, and consented to its trial as such."

With reference to the other grounds of the motion,—that the evidence is insufficient to support the decree, and that the decision is contrary to the evidence,—the opinion of the court heretofore rendered is sufficiently explicit. It speaks for itself. The questions therein decided will not be again reviewed.

Certain affidavits have been filed by complainants with reference to newly-discovered evidence, which it is claimed is material to the issues, and could not, with reasonable diligence, have been discovered and produced at the trial. These affidavits do not state facts sufficient to authorize this court to grant a new trial, even if they could be considered by the court. But the fact is that they were not filed in time, and are not properly before the court. They should be stricken from the files.

The motion for a new trial is denied.