SMITH OYSTER CO. v. DARBEE & IMMEL OYSTER & LAND CO. et al.

(Circuit Court, N. D. California. October 22, 1906.)

No. 13,753.

1. QUIETING TITLE—SUIT UNDER CALIFORNIA STATUTE—RIGHT TO MAINTAIN.

Code Civ. Proc. Cal. § 738, which provides that "an action may be brought by any person against another who claims an estate or interest in real property, adverse to him, for the purpose of. determining such adverse claim," gives a remedy in equity enforceable in the federal courts where there is no adequate remedy at law; and, as construed by the Supreme Court of the state, the legal title is not essential to support such a suit, nor need a complainant in possession wait till his right or title has been established in an action at law before bringing such a suit to determine an adverse claim of one out of possession.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Quieting Title, §§ 48–56; vol. 13, Courts, §§ 972, 974.]

2. SAME.

Under Code Civ. Proc. Cal. § 738, a suit to quiet title may be maintained by a complainant who is in the occupancy and possession of tide lands owned by the state, on which he is maintaining oyster beds, under and by virtue of Act Cal. March 30, 1874, which provides that persons planting such beds, and marking the same by fences or stakes, shall have the exclusive right to take up the oysters, and the exclusive use and occupation of the lands, for the purposes of the act, against a defendant not in possession, but who claims some adverse right or interest in the land.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Quieting Title, §§ 55, 56.]

3. INJUNCTION—RIGHT TO RELIEF—NATURE OF SUIT.

Relief by injunction may be granted, in the discretion of the court, in any suit in equity when a proper case therefor is shown.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 3.]

In Equity. On motion to dismiss for want of jurisdiction.

Campbell, Metson & Drew, for complainant.

Louis Goldstone (Garoutte & Goodwin, of counsel), for certain respondents.

WOLVERTON, District Judge (orally). This is a motion to dismiss the action here pending, upon the ground that it does not really and substantially involve a dispute or controversy properly within the jurisdiction of this court to try and determine. Several reasons are assigned in support of the motion, not all of which were insisted upon, and I shall notice those only that were urged at the argument as vital to the cause.

The action, or perhaps, more properly speaking, the suit, is designed as one to quiet title. Whether it is sufficient for that purpose is dependent upon the subject-matter of the controversy. Complainant asserts that it is the owner of the exclusive rights, privileges, and franchises for the planting, cultivating, laying down, growing, and taking up and carrying away oysters in and upon certain specified tide lands and the oyster beds thereon belonging to the state of California, and of the right to the exclusive use, occupancy, and possession of said tide lands and oyster beds for the purposes aforesaid, subject only to the right of the state of California to sell or dispose of such lands; that it is in the actual, peaceable, and exclusive possession of the same, except as subsequently stated, which said rights, privileges, and possession were so acquired and are now held under and by virtue of an act of the Legislature of the state of California entitled "An act to encourage the planting and cultivation of oysters," approved March 30, 1874 (see Statutes of California 1873–74, p. 940, c. 671), and that each and all of the respondents are claiming an interest or estate in said tide lands and oyster beds thereon adverse to the ownership and title of the complainant, the nature of which is unknown to the complainant, but that each and every of the claims of the respondents are without right, and that each and all of the respondents are without estate, right, title, or interest in or to any of said lands or oyster beds. Further allegations show occupancy and possession, and the marking, staking, and fencing necessary to assert the rights and privileges granted by the statute. These are followed by others showing certain trespasses on the part of the respondent, the Darbee & Immel Oyster Company, its agents and employés, for a short time only, accompanied with threats to destroy the property of complainant, which constitutes the only exception to complainant's peaceable and exclusive possession previously suggested. The prayer is, in purpose, that complainant's right, title, privileges, and franchises be quieted as against the claims or demands of the respondents.

The right to have a dismissal is based upon the act of Congress of March 3, 1875 (chapter 137, § 4, 18 Stat. 471), as amended in 1887–88 (chapter 373, § 1, 24 Stat. 552 [U. S. Comp. St. 1901, p. 511]). By that statute, if it shall appear at any time that the suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of the court, it shall be dismissed. The Circuit Court is given equitable cognizance, concurrent with the courts of the several

states, by the same statute, where the matter in dispute exceeds, exclusive of interest and costs, the sum of $2,000. U. S. Comp. St. 1901, p. 508. The amount involved here is shown to be above that fixed by the statute, so that the question comes simply to whether the pleadings state a cause for equitable interposition. If they do, the motion must fail; otherwise not.

The local statute, being section 738 of the Code of Civil Procedure, provides as follows:

"An action may be brought by any person against another who claims an estate or interest in real property, adverse to him, for the purpose of determining such adverse claim; * * * provided, however, that nothing herein contained shall be construed to deprive a party of the right to a jury trial in any case where, by the law, such right is now given." Statutes and Amendments to Codes of California 1895, p. 72, c. 77.

It has been frequently adjudged "that where the laws of a particular state gave a remedy in equity, as, for instance, a bill by a party in or out of possession, to quiet title to lands, such remedy would be enforced in the federal courts, if it did not infringe upon the constitutional rights of the parties to a trial by jury." Greeley v. Lowe, 155 U. S. 75, 15 Sup. 24, 39 L. Ed. 69, and cases cited. The local courts have given interpretation to this statute. In the case of Pierce v. Felter, 53 Cal. 18, it is said:

"The only question presented in this case is whether the owner of an estate or interest in land less than an estate in fee can maintain an action for the determination of an adverse claim made by another person. We think that he can. The Code of Civil Procedure (section 738) provides, in terms, that an action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim."

So in Stoddart v. Burge, 53 Cal. 394, 399:

"The statute evidently contemplates that whether the plaintiff be the owner in fee or not, if the defendant claims an interest adversely to his right or title, such as it is, he is entitled, in an action of this character, to have the adverse claim determined."

I find another case in the same volume (Gelcich v. Moriarty, p. 217) where the statute was invoked to try the possessory title to a mining claim. Under a similar statute in Nevada, the federal court, in Book v. Justice Min. Co. (C. C.) 58 Fed. 827, 830, has declared that an action brought in pursuance thereof "by a party in possession to quiet the title to a mining claim is an equity suit, and may be tried and disposed of as such"; and, after citing authorities, the court continues:

"Foster, in enumerating the state laws creating new rights which can be enforced by federal courts of equity, specifies one authorizing a person in possession of land to sustain a bill to determine and quiet title to the same."

One of the cases referred to by the learned court is Balmear v. Otis, 4 Dill. 558, Fed. Cas. No. 819, wherein the court says:

"A proceeding under the Iowa statute to quiet title is in its essence an equity suit. In the federal courts, whether a particular case is one at law or equity depends upon the case stated in the petition. If the case there made shows a mere contest of legal titles, and the defendant is in possession, the remedy is at law. If the plaintiff is in possession, or if neither party is in

possession, and the petition or bill shows that equitable relief is necessary or proper, the jurisdiction is in equity."

While the California Supreme Court treats the statute as giving a right to compel others by suit (that is, in equity) to litigate and determine controversies in cases where such right did not exist before, yet it does not consider that it takes away the right to proceed in an action at law in a proper case, or to have the right of trial by jury asserted where the issues presented are clearly cognizable in a court of law. Crocker v. Carpenter, 98 Cal. 419, 33 Pac. 271. The act of March 30, 1874, above cited, provides, by its first section, that:

"Any citizen of the United States may lay down and plant oysters in any of the bays, rivers, or public waters of this state; and the ownership of and the exclusive right to take up and carry off the same shall be continued and remain in such person or persons, who shall have laid down and planted the same."

By its second section it provides for staking or fencing off the land, which stakes and fences are declared to be sufficient marks of the boundaries and limits, and entitle the person so doing to the exclusive use and occupation of such land for the purposes described in the act, and by its third section, for recording and full description of the bed or beds. A later section (the seventh) requires that parties availing themselves of the provisions of the act shall cause to be erected a sign of a designated description. This statute unquestionably gives an exclusive right of possession, for the purposes therein specified, to any person who complies with the provisions thereof. Such right of possession may be deemed a privilege or franchise. But whatever may be the most appropriate designation thereof, the right is one that the courts will interpose to maintain in behalf of the party or parties entitled thereto. It is such a right, therefore, as a court of equity will interpose to quiet as against any one claiming an adverse interest. The right is analogous to the possessory right in a mining claim, which may be maintained, by a compliance with the statute, against all other persons whomsoever; and equity, as I have suggested, will, under the local law, interpose to quiet such title or right of possession. It is unnecessary for the plaintiff, in bringing suit to quiet title, to set out specifically the character of his title or the alleged title of the defendant, but it is always sufficient to simply allege plaintiff's ownership and possession, and that defendant is unlawfully asserting a claim thereto adverse to him. Union Mill & Mining Company v. Warren et al. (C. C.) 82 Fed. 519. That is just what this bill of complaint does. It states with sufficient particularity the complainant's right and title, and that it is in the actual and exclusive possession, with an exception which falls far short of an ouster, and it sets out pertinently the adverse claim, and the further material fact that it is being disturbed in its possession. I am of opinion, therefore, that the bill of complaint, especially as it is not tested by demurrer, is sufficient to sustain the equitable action for which it is intended.

It is, however, further seriously contended that, under the latter clause of the local statute above quoted, the Circuit Court will not take jurisdiction in equity, for the reason that such a course would deprive the defendant of the right of trial by jury. The right of trial

by jury accorded by this statute is nothing beyond the right accorded to any suitor in an action at law. It has been so clearly defined by the Supreme Court of this state that there need be no further question about it. In Donahue v. Meister, 88 Cal. 121, 127, 25 Pac. 1096, 1098, 22 Am. St. Rep. 283, the court, in speaking of the action, says:

"It is really a statutory action. The Code confers equitable rights so far as it grants the power to maintain the action at all, and the decree is in form equitable; but if it has to deal with ordinary common-law rights, clearly cognizable in courts of law, it is to that extent an action at law."

So in that case, where the verified answer of the defendant showed the defendant to be entitled to possession, and that he was in possession of the disputed premises a short time prior to the commencement of the action, and was ousted by the plaintiff, it was held that such defendant could not be deprived of his right to a trial by jury, which was a constitutional right, and that the fact that the plaintiff had first instituted his suit could not operate to that end. The court was careful, however, to especially confine the decision to the facts peculiar to that case. The case has been followed in Newman v. Duane, 89 Cal. 597, 27 Pac. 66, and Gillespie v. Gouly, 120 Cal. 515, 52 Pac. 816. While the decisions in all these cases, except the last cited, were pronounced prior to the enactment of the latter clause of the statute now under consideration, yet the statute has not changed, nor was it intended to change, the rule, as is clearly manifest from a careful reading of it; the purpose being to declare the law as it had previously existed. But where the action is purely equitable, as is the present one, the parties are not entitled to a trial by jury. This is determined, in effect, in the case of Crocker v. Carpenter, supra. Nor is the right guarantied by the Constitution or demandable as of right. Raymond v. Flavel, 27 Or. 219, 40 Pac. 158.

Again, it is urged against the procedure that no such action can be maintained until complainant has first established its title by an action at law. As to this, whatever might have been the rule formerly, it is not so required now. In an early case in the Supreme Court of California (Curtis v. Sutter, 15 Cal. 259, 262) it was determined that under the statute it was unnecessary for the plaintiff to delay seeking the equitable interposition of the court until he has been disturbed in possession by the institution of a suit against him, and until such suit has been passed in his favor. "It is sufficient," says the court, speaking through Mr. Justice Field, "if, whilst in the possession of the property, a party out of possession claim an estate or interest adverse to him. He can immediately, upon knowledge of the assertion of such claim, require the nature and character of the adverse estate or interest to be produced, exposed, and judicially determined, and the question of title be thus forever quieted." The doctrine is well sustained and thoroughly settled. Central Pacific R. R. Co. v. Dyer, 1 Sawy. 641, Fed. Cas. No. 2,552; Holland v. Challen, 110 U. S. 15, 3 Sup. Ct. 495, 28 L. Ed. 52.

Another proposition advanced is that the bill of complaint does not show that complainant is without an adequate remedy at law; but the bill does show, to all intents and purposes, that complainant is in possession, and while in possession it can have no action at law in

ejectment or to recover possession, and, as I have shown heretofore, it is not required to wait until its antagonist moves to oust it. It may, when its title and possession are threatened through an adverse claim of title or right, sue to quiet title against such claim, and that is what has been done here. "This 'crucial question,' more specifically stated," says Wellborn, District Judge, in Davidson v. Calkins (C. C.) 92 Fed. 230, 236, "is, as I have already shown, whether or not defendant is in possession. If he is not, there is no adequate remedy at law, and a suit in equity will lie. If the defendant is in possession, ejectment is appropriate, and the interposition of a court of equity forbidden." See, also, Harding v. Guice, 80 Fed. 162, 25 C. C. A. 352.

Lastly, it is asserted that injunctive relief is not properly an incident to the statute. As to that, it is sufficient to say that the action is equitable, and where there is a proper showing for the relief, it is usually granted, within the discretion of the court.

Having disposed of all the questions presented adversely to the motion, it will be denied.