## BURLEIGH v. HECHT et al.

In an action to determine adverse claims to land, a decision of the trial court in favor of plaintiff, that a tax deed relied on by defendant was void on its face as a matter of law, is conclusive on appeal by plaintiff, where defendant takes no cross-appeal from the decision as to the invalidity of the deed.

The doctrine of laches is applicable only to equitable actions and does not apply to legal actions.

Notwithstanding that Rev. Code Civ. Proc. § 675, providing that an action may be brought by any person against another who claims an estate or interest in real property adverse to him, embraces both the former action of ejectment and the action to quiet title, an action thereunder cannot be said to be a legal or equitable action independently of the pleadings, and when plaintiff claims to own the property and defendant is in possession, and plaintiff seeks to recover such pos-

session, as well as to determine defendant's adverse claims, the action is a legal one, and the parties are entitled to a jury under section 244, providing that an issue of fact for the recovery of specific real property must be tried by a jury, unless a jury trial be waived, as provided in section 275.

An action at law, under Rev. Code Civ. Proc. § 675, providing that an action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claim, is governed by the statutory sections providing for a limitation of actions.

A finding that a grantee in a tax deed was at the time a resident of a sister state raised the presumption that he continued to remain so until he conveyed the property.

Where a grantee in a tax deed was at the time a non-resident, and remained so until he conveyed the property, the period of his absence was not to be considered in determining whether the statute of limitations had run in a suit by the original owner to determine adverse claims.

Fuller, J., dissenting.

(Opinion filed, July 22, 1908.)

Appeal from Circuit Court, Yankton County. Hon. E. G. SMITH, Judge.

Action by Caroline F. Burleigh against Ernst Hecht, Fred Schnauber, and others. From a judgment in favor of plaintiff, defendant Schnauber appeals. Reversed, and new trial granted.

*C. H. Dillon* and *R. B. Tripp,* for appellant. *French & Orvis,* for respondent.

CORSON, J. This is an appeal by the plaintiff from a judgment entered in favor of the defendant Schnauber. The complaint is in the usual form, alleging: That the plaintiff is the owner of the premises in controversy; that the defendants assert a claim to the premises or of some interest therein; that said claim is without right; that for six years prior to the commencement of this action the defendants have witheld, and do withhold, the premises from the possession of the plaintiff; and that the value of the rents and profits of the same were $300 per year. And the plaintiff demands judgment that the defendants be required to set forth the nature of their claims, that the same may be determined by this court, that they be adjudged to have no estate or interest in said lands, that the title of the plaintiff is valid, that she be adjudged to be entitled to the possession of the property, that the defendant

be enjoined from asserting any claims thereto adverse to her, and that they be adjudged to pay $1,800 for the use of the property, and she demands such other and further relief as the court shall deem proper. The defendant Schnauber answered plaintiff's complaint, denying plaintiff's title, and pleading several distinct defenses, and setting up two distinct counterclaims, among which were his title to the premises under and by virtue of a tax deed, the ten-year statute of limitations, the three-year statute of limitations relating to recorded tax deeds, and the defense of laches. The case was tried to the court without a jury.

The court finds, in substance, that in March, 1872, one Pettit made final proof upon the land described in the complaint, and that on January 30, 1874, a United States patent was issued to said Pettit therefor. The court then proceeds to find certain facts showing that the title of said Pettit became vested in the plaintiff. The court further finds: That in March, 1883, the then treasurer of Yankton county executed a tax deed of said land to Ernst Hecht, a copy of which is annexed to the finding; that in the same month said deed was recorded in the office of the register of deeds of said county; that thereafter in January, 1894, the said Ernst Hecht executed to the defendant Fred Schnauber a quitclaim deed of said land; that up to the time of the execution of said deed said Hecht had been a resident of Illinois; that defendant Schnauber and his grantor, Hecht, paid taxes upon said lands from the year 1874 to 1900; that said Ernst Hecht, upon procuring the tax deed before referred to, paid the back taxes; that in the year 1874 the market value of the property in controversy was $350; that by reason of the construction of railroads over the same, the value of the land was at the time of the commencement of this action of the value of $4,500, exclusive of the property used by the railroad companies and the improvements thereon; that the rents and profits of the premises occupied by defendants Hecht and Schnauber for the years including 1901 were the sum of $692.37; that neither the plaintiff nor her grantors exercised any acts whatever with reference to said property, paid no taxes thereon, or offered to pay the same, from the year 1873 until the commencement of this action; that the defendant Schnauber, prior to the com-

mencement of this action, caused to be broken about 15 acres of said land; that the defendant Schnauber, since the issuance of the said tax deed in March, 1883, has for himself or his grantor, Ernst Hecht, rented or used and received the rents from all of said land, except such parts as were in the possession of the railroad companies for right of way purposes; that on or about the 28th day of June, 1901, a mortgage on the real property described in the complaint and other property dated October 1, 1877, executed by Walter A. Burleigh to Charles Burleigh, was assigned to William H. Edmonds; that thereafter he, as plaintiff in a foreclosure action against said Schnauber, the plaintiff, and others, procured a decree of foreclosure; that on the 10th day of January, 1907, the property was sold under a special execution and was bid in by the said Edmonds for the sum of $7,193.07, said bid being made as a credit on his (said Edmonds) decree; that no money was realized on said sale; that on the 1st day of April, 1907, said Edmonds paid to said Schnauber the taxes and interest decreed in the said foreclosure action, which sum is still retained by the said Schnauber. Upon its findings the court concludes as matter of law: "That the tax deed herein involved is void on its face, but good as color of title; that plaintiff's complaint should be dismissed as against the defendant Schnauber; that judgment be rendered against plaintiff in favor of defendant Fred Schauber quieting his title to the land described in the pleadings in this action, except that used as right of way for railroad and telephone purposes, and for costs, and her title should be quieted as against the Great Northern Railway company and the Northwestern Telephone company, and for costs."

The errors assigned are: (1) "that the court erred in its conclusion of law that plaintiff's complaint should be dismissed; (2) the court erred in its conclusion that judgment should be rendered against the plaintiff and in favor of the defendant Schnauber quieting his title to the land involved in this action; and (3) the court erred in rendering judgment against plaintiff and in favor of the defendant Schnauber." The respondents served and filed an additional abstract, in which it sets out in full the tax deed held by the court to be void upon its face, and which is not-contained in the original abstract, and respondent contends that said tax deed

was not void, and that the decision of the trial court holding the tax deed void is reviewable by this court. The appellant contends in a reply brief, that the conclusions of the trial court, as matter of law, that the deed was void upon its face is conclusive in this court, as such a decision was in favor of the plaintiff and against the defendant, and the defendant has taken no cross-appeal to this court from the trial court's decision as to the invalidity of that deed. We are inclined to the opinion that the appellant is right in her contention, and that the decision of the court, as a matter of law, that the tax deed was void upon its face, in the absence of any cross-appeal from this decision on the part of the respondents, is conclusive upon this court upon the question of the validity of the tax deed, and that the court's decision as to the invalidity of that deed cannot be questioned on this appeal. As the plaintiff's legal title to the premises is not questioned, and the tax deed as a muniment of title is eliminated from the case, the only questions requiring consideration are as to the laches of the plaintiff and her grantors, in asserting her and their title, the 10-year statute of limitations as applied to equitable actions, and the effect of the receipt of the taxes paid to Schnauber, with the interest thereon, by Edmonds on the foreclosure sale.

It is contended by the appellant: That as this was an action at law, and not in equity, the court is governed solely by the 20-year statute of limitations applicable to real property, and the question of laches does not arise in this action; that, not being an equitable action, the 10-year statute of limitations has no application; that when the defendant Schnauber received and accepted the amount of taxes paid to him with interest, and retained the same, his lien on the property was extinguished, and there being no evidence proving, or tending to prove, that any improvements made by him upon the property were made in good faith, he could not recover for such improvements. The counsel for respondent Schnauber insists: That the action is one in equity, and not at law; that if the action is not one in equity, but is to be regarded as a legal action, laches, under modern authorities, is applicable to the case at bar; that the receipt and retention of the money received for

taxes by Schnauber on the Edmonds' foreclosure sale did not have the effect to bar Schnauber from asserting his title to the property as a grantee in possession of the same under color of title; and that the court was therefore right in quieting his title to the premises in controversy.

It does not affirmatively appear from the conclusions of law of the court upon what grounds it placed its decision, but in view of the fact that the court held the tax deed under which the defendant Schnauber claimed void on its face, and there was no bar of the statute of limitations applicable to the case, the decision of the court must have been based upon the ground of laches on the part of the plaintiff and her grantors, in failing to assert their title to the premises for a period of more than 20 years. For the purpose therefore of determining whether or not the doctrine of laches is applicable to this case, it is necessary to determine whether or not the action is in the nature of a legal or equitable action, for, if it is a legal action, the doctrine of laches does not apply, as that doctrine is only applicable to equitable actions. McFarlane v. Grover, 70 Ark. 371, 69 S. W. 56, 91 Am. St. Rep. 84; Wilson v. Nichols, 72 Conn. 173, 43 Atl. 1052; Bank v. Baker, 176 Mass. 294, 57 N. E. 603; Wood, Lim. § 60, note "a."

This action was instituted under the provisions of section 675 of the Revised Code of Civil Procedure, which provides as follows: "An action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim." This section was evidently designed as a substitute for the old action formerly known as ejectment and the equitable action to quiet title, and is broader and more comprehensive than either of those actions. The general purpose and effect of this statute is to extend the remedy to cases in which, under the rules of equity, no relief could be had, either because the adverse claim was not such as to constitute a technical cloud upon the title, or because the plaintiff was not in a position to invoke the equitable jurisdiction. 17 Enc. Pl. & Pr. 290. It also extends the remedy under the old action of ejectment, as that action could only be maintained when the plaintiff was out of possession, and the defendant in possession; but under this provision of the

code the action may be instituted by a plaintiff either in or out of possession, and when the defendant is in or out of possession. But notwithstanding this section embraces both the former action of ejectment and the action to quiet title, it cannot be said to be a legal or equitable action independently of the pleadings in the case. Whether or not the action is to be regarded as a legal or equitable action is to be determined by the pleadings. When the plaintiff claims to be the owner of the property, and is out of possession, and the defendant in possesson, and the plaintiff seeks in the action to recover such possession as well as to determine the adverse claims of the defendant, the action is clearly a legal action, and the parties in such case are entitled to a jury trial, under the proisions of section 244, which provides: "An issue of fact for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived as provided in section 275. * * *" In the case at bar it will be observed that the plaintiff claims title in fee to certain specific real property described in the complaint, and that she is entitled to the possession of the same, that for six years prior to the commencement of this action said defendants have withheld the possession of said property from her, and that she demands judgment that she be adjudged to be entitled to the possession of the said property and demands a specific sum for the use and occupation of the same. It is quite clear therefore that this is an action to recover the possession of "specific real property," as well as to determine the adverse claims of the defendants, and is therefore an action at law. The section of our Code above quoted is copied from the Code of California, and the learned Supreme Court of that state has held, in numerous cases, that, when the action is to recover possession of real property, it must be regarded in effect as an action at law in which the parties are entitled to a jury trial. In Gillespie v. Gouly, 120 Cal. 515, 52 Pac. 816, that court says: "This action may be said to be one of those statutory actions authorized by section 738 of the Revised Code of Civil Procedure. It is an action brought to quiet title by a party out of possession against one claiming title and in possession. In such an action either party is entitled to a jury as a matter of right. Donahue v. Meister, 88

Cal. 121, 25 Pac. 1096, '22 Am.' St. Rep. 283; Newman v. Duane, 89 Cal. 597, 27 Pac. 66; · Hughes v.·Dunlap, 91· Cal. 385, 27 Pac. 642; Taylor v. Ford, 92 Cal. 419, 28 Pac. 441; Landregan v.·Peppin, 94 Cal. 465,· 29 Pac. 771." In the latter case · of ·Haggin v. Kelly, 136 Cal. 481,·69' Pac. 140, that court held·: "If the action were viewed as an action to quiet title, or to·determine an adverse claim, under section 738 of the Code of Civil Procedure, the plaintiff being out of possession, and asserting ·title, and seeking· recovery ·of possession, ·the plaintiffs would be entitled to a jury trial." In Newman v. Duane, 89 Cal. 597, 27 Pac. 66, that court in its opinion took a similar view, and held the parties were entitled to a jury trial, and reversed the judgment of the trial court denying a jury trial.

While the case at bar was tried by the court without a jury, probably by stipulation of the parties, as no question is made as to the action of the court in trying the case without a jury, still the cases above cited are in point as showing that, when the action is to recover possession of real property, it is in the nature of an action at law, and not in equity, and it necessarily must be so, for the reason that an action in equity could not have been maintained under the old equity system to quiet title, as the plaintiff in such an action was required to allege and show that he had no remedy at law, and where the plaintiff was out of possession he clearly would have had a remedy at law under the old action of ejectment. In the case at bar the defendant Schnauber claimed the property by virtue of his alleged title under his tax deed, and not by virtue of any euitable title. Hence either party to this action was entitled to a trial by jury. This court, in the case of Sykes v. First National Bank, 2 S. D. 242, 49 N. W. 1058, held that: "While the Wrd n23hspiyupuviiyfob urinavocwoffl4-mS etaoin shrdlu cmfwyp distinctions in the forms of. actions are abolished, law and equity, as two distinct systems, still remain, and that the facts stated in the complaint and the subject-matter of the action, must determine whether the action is one at law or in equity." And the court in its opinion, after quoting the section abolishing the distinction between actions at law and suits in equity, says: "The distinction therefore in the forms of action is swept away by this section. Law

and equity, as two distinct systems, still remain. It is the distinction between the forms of actions at law and suits in equity only that has been abolished. How, then, is the court to determine when an action is one at law or one in equity? Clearly, by the facts stated in the complaint, and the subject-matter of the action." Applying this doctrine to the case at bar, it is quite clear that the action is one at law, and that the sections providing 'for a limitation of actions is clearly applicable thereto. 1 Story, Eq. 64a; Waldron v. Harvey, 54 W. Va. 608, 46 S. E. 603; Sibley v. Stacey, 53 W. Va. 292, 44 S. E. 420; Ritchie v. Sayers, (C. C.) 100 Fed. 520; Higgin O. & F. Co. v. Snow, 113 Fed. 433, 51 C. C. A. 267. The case of Reichelt v. Perry, 15 S. D. 601, 91 N. W. 459, relied on by counsel for respondent, is not an authority in support of respondent's contention in the case at bar for the reason that in that case the action was instituted by the plaintiff in possession to cancel a certain outstanding deed claimed to have been executed by the plaintiffs alleged to have been fraudulently obtained from them by a party out of possession and could have been maintained by the plaintiffs in a court of equity. It clearly appears from the case at bar that the plaintiff and the defendant Schnauber both claimed the property by virtue of legal titles—the plaintiff by virtue of her title derived from the patentee, and pettit and defendant Schnauber by his title acquired by virtue of the tax deed issued to Hecht—and hence no equitable title was involved in the case, and both parties were entitled to a trial by jury.

In our view of this case the foreclosure of the mortgage by Edmonds and the repayment of the taxes and interest to Schnauber paid by him and his grantor, Hecht, in no manner affects the rights of the parties to this action. As Hecht, Schnauber's grantor, was found by the court to be a resident of Illinois, he was presumptively absent from this state at the time plaintiff's cause of action accrued, and remained so absent from the state until he conveyed the property to Schnauber. Hence the plaintiff's cause of action was not barred by the 20-year statute of limitations. Our conclusion therefore is that the court erred in its judgment dismissing the plaintiff's action and quieting the title of Schnauber

to the premises in controversy under the court's findings in this case.

The judgment of the circuit court is therefore reversed, and a new trial granted.

FULLER, J., dissents.

HANEY, P. J. (concurring). Respondent Schnauber's tax deed having been treated by the trial court as void on its face, it should be so treated for the purposes of this appeal, not, perhaps, because respondents failed to appeal, but because any other course manifestly would be unfair to the plaintiff. The view of the trial court as to the form of the deed rendered unnecessary, if not improper any further attack upon the tax proceedings. To now affirm its judgment against the plaintiff, on the theory that the deed was prima facie sufficient to sustain respondent's claim of title, would, in effect, be to deprive the plaintiff of her property without any opportunity of litigating the tax proceedings. It is a case which forcefully illustrates the wisdom of the rule requiring an appellate court to adhere to the theory upon which a cause is tried in the court below. In all other respects I concur in the foregoing opinion.